# Alfred Wyman *v.* The City of Philadelphia, Appellant.

*Negligence—Municipalities—Ice on sidewalk.*

A municipality is not liable for an injury caused by the mere ordinary slippery condition of a sidewalk resulting from the sudden. formation of ice, but the city may be liable if the snow and ice exists in ridges and little hills and the pavement is permitted to remain in that condition for a length of time sufficient to charge the city with knowledge of the situation, and the obstruction is not removed. In such case the city is not relieved from liability because it notified the owner of the sidewalk to remove the ice.

Argued March 31, 1896. Appeal, No. 100, Jan. T., 1896, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1893, No. 572, on verdict for plaintiff. Before GREEN, McCOLLUM, MITCHELL, DEAN, and FELL, JJ. Affirmed.

Trespass for personal injuries. Before BRÉGY, J.

At the trial it appeared that about 8 P. M. on January 16,

1893, plaintiff fell upon some ice and snow which had accumulated on the sidewalk in front of the premises 1210 Walnut street in the city of Philadelphia. His leg was broken, and he was taken to a hospital where he remained fourteen weeks. The evidence in behalf of the plaintiff tended to show that he. knew nothing of the condition of the pavement; that he was walking with due care and diligence; that the entire pavement was covered with ice and snow which lay in ridges and hills four or five inches high; that this condition of affairs existed for at least from ten to fourteen days prior to the accident; that it had snowed heavily from 6:25 P. M. of January 14, 1893, to 12:15 A. M. of January 15, 1893, and lightly from 7:45 A. M. to 9:45 A. M. of January 15, 1893, which snow had not been removed; that it had snowed on or about January 6 or 7, 1893, and also on January 10 or 11, 1893, neither of which snow falls had been removed. It was further proved that the police authorities on two occasions, viz, on about January 9, 1893, and on about January 12, 1893, notified the occupants of the premises to remove the ice and snow.

Defendant's points were among others as follows:

3. The evidence of the plaintiff having shown that the defendant had notified the owner of the premises in front of which the plaintiff fell to remove the snow from the pavement prior to the accident, there is no proof of negligence on the part of the city, and your verdict should be for the defendant. *Answer :* Refused. [1]

4. Under all the evidence in this case, your verdict must be for the defendant. *Answer :* Refused. [2]

Verdict and judgment for plaintiff for $3,500. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*Howard A. Davis,* assistant city solicitor, *Leonard Finletter,* assistant city solicitor, and *John L. Kinsey,* city solicitor, with him, for appellant.—Ice and snow must have accumulated to such an extent as to form an obstruction to travel before there can be any liability on the part of the municipality : McLaughlin v. Corry, 77 Pa. 109 ; Mauch Chunk Borough v. Kline, 100 Pa. 119 ; Erie v. Magill, 101 Pa. 616 ; Dehnhardt v. City, 15

W. N. C. 214; Fleming v. Lock Haven, 15 W. N. C. 216; Springer v. City, 22 W. N. C. 132; Hanson v. Warren Borough, 22 W. N. C. 133; Decker v. Scranton, 151 Pa. 241.

When the city of Philadelphia notified the property owner to clean his sidewalk, it was an end of the city's duty.

*Edward W. Kuhlemeier,* George S. Russell with him, for appellee.—A municipality is bound to remove accumulations of ice and snow from natural causes which have formed into ridges and hills, thus making the highway dangerous to passersby : McLaughlin v. Corry, 77 Pa. 109 ; Mauch Chunk v. Kline, 100 Pa. 119 ; Luther v. Worcester, 97 Mass. 268; Hutchins v. Boston, 97 Mass. 272; Morse v. Boston, 109 Mass. 446 ; Street v. Holyoke, 105 Mass. 82 ; Cook v. Milwaukee, 24 Wis. 270; Taylor v. Yonkers, 11 N. E. Rep. 642; Dooley v. Meriden, 44 Conn. 117 ; Gloughessey v. Waterbury, 51 Conn. 405 ; Boulder v. Niles, 12 Pac. 622; Goff v. Little Falls, 65 Hun, 622.

Notice to the owner of the premises to remove the snow from the pavement on which the plaintiff fell, prior to the accident, is not sufficient to relieve the defendant of its duty to remove obstructions which impede and hinder travel or make it dangerous: Philadelphia v. Smith, 23 W. N. C. 242; Taylor v. Yonkers, 11 N. E. Rep. 642; Reading v. Reiner, 167 Pa. 41.

PER CURIAM, April 13, 1896:

The learned judge of the court below submitted this case to the jury in precise accord with our decisions in this class of cases and the jury found for the plaintiff the matter of fact thus submitted. The jury was carefully instructed that the city was not liable for a mere ordinary slippery condition of the sidewalk resulting from the sudden formation of ice, but that if the snow and ice existed in ridges and little hills and the pavement was permitted to remain in that condition for a length of time sufficient to charge the city with knowledge of the situation, and the obstruction was not removed, there might be liability for an accident happening in those circumstances. There was plenty of testimony to establish the plaintiff's contentions in this respect, and it was therefore the duty of the court below to submit the case to the jury, which was done in a very careful and cautious manner. The liability cannot be removed by a mere notice to the owner.

Judgment affirmed.