## Lizzie Manross v. The City of Oil City, Appellant.

*Negligence—Municipalities—Accumulation of ice on sidewalk.*

In an action against a city to recover damages for personal injuries
caused by falling on an accumulation of ice on a sidewalk, even if it was not
shown that the ice had formed into hills or ridges, a verdict and judgment
for plaintiff will not be disturbed where there was sufficient evidence to
support a finding that ice had accumulated on the sidewalk at the mouth
of an alley ; that the accumulation would not have taken place if the gutter
had been properly cleaned and opened, and that the plaintiff had not passed
over the sidewalk for three weeks, and knew nothing of its condition.

Argued Oct. 7, 1896. Appeal, No. 97, Oct. T., 1896, by
defendant, from decree of C. P. Venango Co., April T., 1894,
No. 59, on verdict for plaintiff. Before STERRETT, C. J., GREEN,
WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Af-
firmed.

Trespass for personal injuries. Before MORRISON, J., of the
48th judicial district, specially presiding.

At the trial it appeared that the plaintiff was injured by fall-
ing on the ice on the evening of January 29, 1893, in the city
of Oil City, at a point on the west side of Washington avenue
where Polk alley led into the avenue. The evidence on behalf
of the plaintiff tended to show that the gutter on the west side
of the avenue at the end of the alley was obstructed by ice and
snow, which caused the water flowing down the gutter to run
over the crossing at the mouth of the alley, causing a bed of
sloping ice which would not have accumulated if the city had
kept the gutter opened.

The plaintiff boarded at a house on or near the summit of
Cottage Hill, which is much higher than the street at or near
the foot of the hill where the church was located to which she
was going on the Sunday evening when she met with the acci-
dent. Pearl avenue and Washington avenue are parallel streets
leading from near where the plaintiff boarded down Cottage
Hill to Harriott avenue, near the foot of the hill. Both streets
were quite steep and were icy at the time of the accident. The
plaintiff testified that she had been over Pearl avenue quite often

some time before the accident, but that she had not been over Washington avenue for about three weeks prior to the accident. She testified that she had no knowledge that there was anything wrong with Washington avenue, and that she knew no difference in the condition of the two streets, and that she considered it a little more convenient to go to church down Washington avenue. There was no evidence that she had any knowledge or notice of the accumulation of ice at the mouth of Polk alley, or that she was not using ordinary care when the accident happened.

Defendant's points and answers thereto among others were as follows:

4. If the jury believe from the evidence that the plaintiff knew of a safe and convenient route by way of Seeley and Pearl avenues by which she could arrive at the place to which she was going, and if the jury further believes from the evidence that instead of taking that safe and convenient route, the plaintiff took another route by way of Washington avenue and the crossing in question with which she was unfamiliar and which turned out to be unsafe, and thereby was injured, then the plaintiff is guilty of contributory negligence and cannot recover. *Answer :* Refused under the evidence in this case. [1]

5. If the jury find from the evidence that the plaintiff saw the ice upon the crossing where she fell, and, thinking she could get over it safely, ventured upon it instead of going around it, and knew she was walking upon the ice when she fell, then she is guilty of contributory negligence and cannot recover. *Answer :* Affirmed if she knew or ought to have known that the ice was dangerous or unsafe to walk upon, before she went upon it. [2]

7. The defendant city is not liable for an injury caused by reason of the slippery condition of the ice and snow upon its walks, unless such injury is caused by the accumulation of ice and snow into hills and ridges so as to render passage dangerous. *Answer :* Refused as a legal proposition. A city may be liable for an accident caused by the slippery condition of its streets caused by the negligence of its officials, even where the ice and snow does not form into hills and ridges. [3]

8. Under the law and evidence the plaintiff is not entitled to recover. *Answer :* Refused. [4]

Plaintiff's points and answers thereto were as follows:

2. That it was the legal duty of the defendant to exercise that degree of care in and about keeping and maintaining its streets, sidewalks and gutters in such repair and condition as safety and reasonable prudence and foresight would dictate, and if it neglected to do so, and the plaintiff without fault or negligence on her part was injured by reason of the defendant permitting the gutters on the west side of Washington street to become and remain obstructed, so as to occasion the water to overflow the footwalk or crossing in question, and to form a ridge of ice thereon, as described by plaintiff's witnesses, thereby rendering the crossing unsafe and dangerous, and so to remain for such length of time as to be generally noticed, it was the duty of the defendant to open the gutter by removing the obstruction therefrom, and to remove the ice from the crossing, and its neglect to do so was negligence, and the plaintiff is entitled to recover. *Answer :* Affirmed if the plaintiff was without fault or negligence contributing to the accident. [5]

6. If the jury find from the evidence that the gutter at the intersection of Polk alley and Washington avenue was of capacity sufficient if in proper condition to carry off the water running into it from the west side of the street, and that it was suffered to become so clogged and obstructed as to prevent the water from passing down it, and that such obstruction caused the water to overflow the sidewalk or crossing at the mouth of Polk alley, and thereby to form a ridge of ice on and along the eastern side of the crossing, as described by the witnesses for the plaintiff, and that such obstruction and accumulation of ice thereby upon the crossing was of such duration as to be generally observable, the defendant was charged with constructive notice of its condition, and its neglect to remove such obstruction of the gutter and the accumulation of ice upon the crossing was negligence, and if the jury further find that the plaintiff without knowledge of the dangerous condition of the crossing, and by reason thereof, and without fault on her part, fell through and sustained the injuries of which she complains, she is entitled to recover. *Answer :* Affirmed. [6]

Verdict and judgment for plaintiff for $2,500. Defendant appealed.

*Errors assigned* were (1–6) above instructions, quoting them.

*Isaac Ash*, with him *P. M. Speer*, for appellant, cited: Robb v. Connellsville Boro., 137 Pa. 45; Forks Twp. v. King, 84 Pa. 233; Wharton on Negligence, sec. 440; City of Erie v. Magill, 101 Pa. 616; Pitts. Southern Ry. Co. v. Taylor, 104 Pa. 314; Carroll v. Penna. R. R., 12 W. N. C. 348; Moore v. Phila. W. & B. R. R., 108 Pa. 349; Penna. R. R. v. Bell, 122 Pa. 58; Marland v. R. R., 123 Pa. 487; D. L. & W. R. R. v. Cadow, 120 Pa. 559.

*J. H. Osmer*, with him *A. R. Osmer* and *N. F. Osmer*, for appellee, cited, 2 Dillon on Cor. 78; Shear. and Red. on Neg. sec. 397; Fritsch v. Allegheny City, 91 Pa. 226; McLaughlin v. Corry, 77 Pa. 109; Decker v. Scranton City, 151 Pa. 241; Allegheny v. Gillian, 23 P. L. J. 461; Douglass v. Monongahela Water Co., 172 Pa. 435; Ringrose v. Bloomsburg, 167 Pa. 621.

PER CURIAM, November 9, 1896:

There appears to be nothing in this record that would have warranted the withdrawal of the case from the jury. The testimony was quite sufficient to justify its submission to them on the questions of defendant's negligence and the alleged contributory negligence of the plaintiff; and that was accordingly done with instructions which appear to be adequate and substantially correct. The result was a verdict, impliedly finding that defendant's negligence was the proximate cause of plaintiff's injuries, and that she was not chargeable with any negligence which contributed thereto. Plaintiff's right to recover was thus established by competent evidence and her damages were assessed.

We find nothing in the specifications of error that would warrant a reversal of the judgment; nor do we think there is anything in either of them that requires special notice.

Judgment affirmed.