201        51
22 SC      28
22 SC      29

# Dean *v.* City of New Castle, Appellant.

*Negligence—Municipality—Slippery sidewalk.*

In an action against a city to recover damages for injuries sustained by a fall on a slippery sidewalk, a verdict and judgment for plaintiff will be sustained where it appears that at the place of the accident a ridge of ice had formed from water flowing from the end of a pipe near a house-line across the sidewalk to the curb, that the city had actual knowledge of the condition of the sidewalk for two or three days before the accident, that plaintiff was hurt in the evening, and that he had no knowledge of the ridge of ice.

Argued Oct. 23, 1901. Appeal, No. 21, Oct. T., 1901, by defendant, from judgment of C. P. Lawrence Co., Dec. T., 1899, No. 66, on verdict for plaintiff in case of B. F. Dean v. City of New Castle. Before McCOLLUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for personal injuries caused by a fall on a slippery sidewalk. Before WALLACE, P. J.

At the trial it appeared that on the evening of January 7, 1899, plaintiff was injured by falling on a ridge of ice on a sidewalk on the north side of Washington street in the city of New Castle. Plaintiff was not familiar with the sidewalk in question. At the point where the accident occurred the ice had formed from water flowing from the end of a pipe near the house-line across the sidewalk to the curb. The evidence showed that the city of New Castle had actual notice of the condition of the sidewalk for two or three days before the ac-

cident, but had done nothing.  The court submitted the case to the jury.

Verdict and judgment for plaintiff for $3,000.  Defendant appealed.

*Error assigned* amongst others was in submitting the case to the jury.

*James A. Gardner*, city solicitor, with him *D. B. Kurtz* and *S. W. Dana*, for appellant.

*B. A. Winternitz*, with him *John G. McConahy* and *John M. Gardner*, for appellee.

PER CURIAM, November 8, 1901:

The testimony required a submission of the case to the jury. It tended to show that the ridge of ice had existed on the sidewalk for sufficient time to imply notice to the city, even if there was not notice in fact.  The plaintiff was entitled to traverse the sidewalk, using proper care in so doing, and whether he had used such care was also for the jury.  We therefore dismiss the specifications of error.

Judgment affirmed.