# Reed v. Schuylkill Haven Borough, Appellant.

*Negligence—Borough—Icy condition of sidewalk—Constructive notice.*

In an action against a borough to recover damages for personal injuries sustained by a fall on an icy sidewalk, if it appears that the dangerous condition of the sidewalk existed for three or four days prior to the accident, there is sufficient evidence of constructive notice to the borough authorities to carry the case to the jury. In such a case the fact that the plaintiff walked in the roadway instead of upon the sidewalk for a considerable distance and returned to the sidewalk only when it was covered by an awning, and the pavement was, therefore, protected, was of itself evidence of care on her part.

Argued Dec. 3, 1902. Appeal, No. 59, Oct. T., 1902, by defendant, from judgment of C. P. Schuylkill Co., Sept. T., 1899, No. 296, on verdict for plaintiff in case of Mary C. Reed v.

28   REED *v.* SCHUYLKILL HAVEN BORO., Appellant.

Statement of Facts—Opinion of the Court.   [22 Pa. Superior Ct.

Schuylkill Haven Borough.   Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before BECHTEL, P. J.

At the trial it appeared that the plaintiff was injured on January 11, 1899, in the evening, by falling on a stone covered with ice, covering a gutter.   The court in an opinion refusing a new trial described the place of the accident as follows:

The evidence shows that the water conductor or spout, carrying the water from the Motzer property, sends it across the pavement into a surface gutter, which carries it under a flat stone at the crossing leading from the Motzer property to the opposite side of the street.   This surface gutter also runs back to or past a pump.   The gutter was frozen full of ice, and across to the spouting, and the water passed over the flat stone or crossing, instead of under it.   The gutter was full of ice and dirt, and thus caused the overflow which caused an accumulation of ice, in ridge shape, on the flat stone, ranging in thickness from a couple of inches to from eight to ten inches. This condition of affairs existed during the entire week in which the plaintiff received her injuries, and certainly three to four or more days prior to her fall.

Verdict and judgment for Mary C. Reed for $400 and for Samuel Reed, $150.

*Error assigned* was in refusing binding instructions for defendant.

*C. E. Berger*, for appellant.

*H. O. Bechtel*, for appellee.

PER CURIAM, January 20, 1903:

The length of time, during which the icy condition of the crossing which caused the accident to the plaintiff continued, was of itself such evidence of constructive notice to the municipal authorities as would carry the case to the jury: Dean v. City of New Castle, 201 Pa. 51.

The fact that the plaintiff walked in the roadway instead of

upon the sidewalk for a considerable distance and returned to the sidewalk only when it was covered by an awning and the pavement was, therefore, protected, was of itself evidence of care on her part. As was said in Dean v. New Castle, supra, " The plaintiff was entitled to traverse the sidewalk, using proper care in so doing, and whether he had used such care was also for the jury." There was certainly no such evidence of contributory negligence upon the part of the plaintiff as would have justified the court in affirming the defendant's sixth point, " That, under all the evidence in this case, the verdict must be for the defendant."

The case was properly submitted and both of the assignments of error, which involve only the points above mentioned, must be dismissed. Judgment affirmed.