## Blaine *v.* Philadelphia, Appellant.

*Negligence—Municipalities—Sidewalks—Icy condition of pavement.*

A city is not liable for personal injuries to a person falling on an icy sidewalk, where it appears that there were no ridges at the place of the accident, but merely a general slippery condition due to the natural result of rain and freezing during the previous twenty-four hours.

Argued Oct. 5, 1906.   Appeal, No. 61, Oct. T., 1906, by defendant from judgment of C. P. No. 5, Phila. Co., Dec. T., 1904, No. 3,734, on verdict for plaintiff in case of Margaret Blaine and David G. Blaine v. City of Philadelphia.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Reversed.

Trespass to recover damages for personal injuries.   Before MARTIN, P. J.

At the trial it appeared that Mrs. Margaret Blaine fell on an icy pavement on December 29, 1904, in the city of Philadelphia, and sustained serious injuries to her wrist.   It appeared that at the place of the accident there were no ridges, but merely a general slippery condition caused by rain and freezing during the previous twenty-four hours.

The court submitted the case to the jury.

Verdict and judgment for plaintiff for $700.   Defendant appealed.

*Error assigned* was in refusing motion for judgment non obstante veredicto.

*Thos. Raeburn White,* assistant city solicitor, with him *John L. Kinscy,* city solicitor, for appellant.—A municipality is not liable for the consequences of an accident caused by a general icy condition of the street: McLaughlin v. City of Corry, 77 Pa. 109 ; Mauch Chunk Borough v. Kline, 100 Pa. 119 ; City of Erie v. Magill, 101 Pa. 616 ; Dehnhardt v. Philadelphia, 15 W. N. C. 214 ; Syringer v. Philadelphia, 22 W. N. C. 132 ; Hanson v. Warren Borough, 22 W. N. C. 133 ; Decker v. Scranton City, 151 Pa. 241 ; Wyman v. Philadelphia, 175 Pa.

117; Manross v. Oil City, 178 Pa. 276; Garland v. Wilkes-Barre, 212 Pa. 151.

The accident to the plaintiff was caused by a mere slippery condition of the sidewalk, for which there can be no recovery.

The ice which caused the accident was formed the preceding night and no sufficient notice to the city was shown: Harrington v. City of Buffalo, 121 N. Y. 147 (24 N. E. Repr. 186); Taylor v. City of Yonkers, 105 N. Y. 202 (11 N. E. Repr. 642).

*Walter Thos. Fahy*, with him *William W. Lucas* and *Thomas A. Fahy*, for appellees.—The case is ruled by the cases of Manross v. Oil City, 178 Pa. 276 and Decker v. Scranton, 151 Pa. 241.

OPINION BY MORRISON, J., March 5, 1907:

This was an action of trespass for personal injuries sustained by Margaret Blaine on one of the sidewalks of the defendant. The plaintiffs having recovered, the defendant moved for judgment non obstante veredicto, which judgment was refused and judgment entered upon the verdict.   The only assignment of error is, " the lower court erred in refusing the motion for judgment non obstante veredicto upon the whole record."

The controlling question is whether there was sufficient proof of negligence on the part of the city officials to warrant submitting the case to the jury.

The learned counsel for the appellees says the case is ruled by the cases of Manross v. Oil City, 178 Pa. 276, and Decker v. Scranton City, 151 Pa. 241.   If his case, under the evidence, does not fall within the principle of those cases it is very clear that the learned court erred in refusing judgment for the defendant non obstante veredicto.   The substance of the case of Decker v. Scranton City is clearly indicated by the following excerpt from the charge, by Judge MCCOLLUM: " A defective construction of the road in conjunction with such an accumulation of ice cast on the municipality the duty of removing the obstruction upon notice.   If the water from the road and hydrant came upon and ran over the road as described in the testimony of Morgan and Boland and the ice complained of was formed by it, the city cannot escape responsibility on the plea that the ice had not ' so accumulated in hills and ridges

as to form an obvious physical obstruction to travel.' " In that case it was found that the street had been in the condition in which it was on the day of the accident for from two to four weeks. It is very plain that the recovery was sustained by the Supreme Court, not because the ice formed in hills and ridges, but because the slippery condition of the street was attributable to the negligence of the city officials.

In Manross v. Oil City the controlling principle is not different from Decker v. Scranton City. In that case there was an accumulation of ice upon the sidewalk, not amounting to hills and ridges, but it was more than would have accumulated there from natural causes. The evidence tended to show that a gutter ran along the edge of the sidewalk and that it had been obstructed for such a length of time that the city was visited with constructive notice, and the negligence of the city officials in permitting the obstruction to remain caused the water to flow across the sidewalk and thus formed the ice upon which the plaintiff slipped and was injured. Upon this state of facts the defendant's counsel presented the following point: " The defendant city is not liable for an injury caused by reason of the slippery condition of the ice and snow upon its walks, unless such injury is caused by the accumulation of ice and snow into hills and ridges so as to render passage dangerous. *Answer :* Refused as a legal proposition. A city may be liable for an accident caused by the slippery condition of its streets caused by the negligence of its officials, even where the ice and snow do not form into hills and ridges."

The learned counsel for both parties to the case at bar seem to have some difficulty with Manross v. Oil City. The writer presided at the trial of that case and he then thought, as he does now, that the question raised by the above point was strictly in the case, and that the answer thereto rests on sound legal principles. However, it is unnecessary to discuss this matter, as the Supreme Court unqualifiedly affirmed that case, and it is in entire harmony with Decker v. Scranton City.

The cases cited by the appellant holding that there can be no recovery for an accident caused by the general slippery condition of the streets all rest on the principle that such slippery condition was not caused by the independent negligence of the city or borough officials. Among the cases cited by the appel-

lant we find McLaughlin v. City of Corry, 77 Pa. 109, where it is said: "A municipality cannot prevent the general slipperiness of its streets, caused by the snow and ice during the winter, but it can prevent such accumulations thereof, in the shape of ridges and hills, as render their passage dangerous. It is no more difficult to remove or level such obstructions than it is those occasioned by the water and earth during the summer." Another case is Borough of Mauch Chunk v. Kline, 100 Pa. 119, where the Supreme Court reversed the court below for allowing a recovery because, "upon a careful examination of the evidence, and especially of the testimony of the plaintiff himself, we cannot find that his fall was owing to any hill or ridge, for the nonremoval of which the borough ought to be responsible in damages." In short, that was a case of the mere slippery condition and smoothness of the surface and that condition was not traceable to any negligence of the borough authorities. In the City of Erie v. Magill, 101 Pa. 616, there was clearly a ridge of ice and snow extending across the sidewalk where the plaintiff was injured and she might have recovered but for her own contributory negligence.

In Wyman v. Philadelphia, 175 Pa. 117, a recovery was had in the court below and the judgment was affirmed by the Supreme Court. But in that case the doctrine was carefully adhered to, "that the city was not liable for a mere ordinary slippery condition of the sidewalks resulting from the sudden formation of ice, but that if the snow and ice existed in ridges and little hills and the pavement was permitted to remain in that condition for a length of time sufficient to charge the city with knowledge of the situation, and the obstruction was not removed, there might be liability for an accident happening in those circumstances."

We now refer briefly to the facts controlling the case at bar. The clear and undisputed evidence fails to show any such ridges or hills of ice, at the place of the accident, as would be evidence per se of negligence on the part of the city officials. On the contrary, Mrs. Blaine's own testimony, as well as that of other witnesses, establishes the fact, beyond all doubt, that the pavement where she fell was simply smooth and slippery. Moreover, the testimony is positive and conclusive of a state of facts leading to a logical and irresistible inference that the

ice causing the accident was formed during the night of the twenty-eighth and the morning of the twenty-ninth of December. On the twenty-eighth the temperature was as high as fifty-four degrees, and the street was sloppy and not slippery, and in the evening at six o'clock the temperature was down to thirty degrees. And on the twenty-ninth at eight o'clock A. M. it was twenty-three degrees. On the twenty-eighth it rained, and it is perfectly clear that the smooth ice, on which Mrs. Blaine fell, was formed between seven o'clock P. M. of the twenty-eighth and noon of the next day, when the temperature was thirty degrees. The accident occurred on the afternoon of the twenty-ninth. It is not pretended that the city had actual notice of an unsafe condition of this pavement, and the time after the smooth ice formed was too short for constructive notice. Our own cases and those of several other states seem to settle the law that this case ought not to have gone to the jury. The ice formed on the pavement was not such as the city was bound to remove on the twenty-ninth, even on notice. It was the natural result of rain and freezing: Dehnhardt v. City of Philadelphia, 15 W. N. C. 214; Springer v. City of Philadelphia, 22 W. N. C. 132; Hanson v. Borough of Warren, 22 W. N. C. 133.

In Garland, Appellant, v. City of Wilkes-Barre, 212 Pa. 151, Mr. Justice ELKIN said: " A general slippery condition of the street at a public crossing caused by the snow and ice in the winter time is not sufficient to charge the municipality with liability, for the obvious reason that it cannot prevent it: McLaughlin v. City of Corry, 77 Pa. 109. In the case at bar the testimony of the appellant does not disclose more than a slippery condition of the crossing at the time of the accident, with some slight ridges of ice caused by wagons and sleighs passing over." The doctrine of that case seems to us conclusive against the plaintiffs in the case at bar.

The cases of Harrington v. City of Buffalo, 121 N. Y. 147, and Taylor v. City of Yonkers, 105 N. Y. 202, are directly in point, and they show that the court of appeals of New York and our Supreme Court are substantially in harmony as to the liability of cities and boroughs for accidents caused by accumulations of snow and ice on pavements or sidewalks.

In failing to prove that the slippery condition of the pave-

ment was chargeable to the negligence of the city officials, the plaintiffs entirely failed to bring their case within the principle of Decker v. Scranton City, 151 Pa. 241, and Manross v. Oil City, 178 Pa. 276.

The assignment of error is sustained, the judgment reversed and judgment now granted in favor of defendant.