Opinion by
Morrison, J.,
In this action of trespass the plaintiff averred that on February 13, 1905, she slipped and fell on an accumulation of *318 ice and snow at the northeast corner of Ninth street and Columbia avenue in Philadelphia. The evidence establishes the fact, quite clearly, that she was seriously injured.
The learned court refused the defendant’s point that: “Under all the evidence in this case your verdict must be for. the City of Philadelphia, defendant;’’ and submitted the evidence to the jury and they returned a verdict of $925 for the plaintiff. The court also overruled the motion for judgment in favor of the defendant non obstante veredicto. The above action of the court gives rise to the two assignments of error. There was no exception to the charge, except to the refusal of the defendant’s point.
The plaintiff called about a dozen witnesses and the defendant about twice as many. It cannot be denied that the plaintiff and her mother, corroborated to some extent by two other witnesses, testified to an accumulation of snow and ice on the sidewalk where the accident happened, and that it consisted of hills and ridges of such a character as to be an obstruction to travelers, and that it had been there so long that the city authorities shouljl have caused its removal. But, on the other hand, the defendant proved by twelve or fifteen witnesses that no such condition existed on the walk in question, at the time of the accident or before it; that the walk was in about the same condition as the other walks in that vicinity and that they were simply slippery, caused by the conditions of the weather immediately prior to the accident. We do not hesitate to say that, from the testimony, we find it difficult to understand why the jury did not find for the defendant. The very strong weight of the testimony appears to be against the truth of the testimony of the plaintiff and her mother. In addition to this, three or four of the plaintiff’s own witnesses contradict the testimony of the plaintiff and her mother as to the accumulation of snow and ice on the sidewalk, its thickness and as to the hills and ridges. But the jury adopted the plaintiff’s story as to the condition of the sidewalk and the learned judge who saw the witnesses and heard them testify, approved the 'verdict by entering judgment thereon.
*319 As the evidence appears to us, the court would have been justified in setting aside the verdict and granting a new trial. However, the defendant’s counsel filed no reasons nor motion for a new trial and the learned judge would hardly be expected, in such a case, to grant a new trial on his own motion.
The learned counsel for the defendant, in their printed argument, very frankly say; “Notwithstanding the overwhelming character of the testimony of the four witnesses for the plaintiff and the number called by the defendant in support of the city’s contention that the condition of the pavement, whatever it may have been, was due to the weather prevailing at the time, the jury found in plaintiff’s favor. We appreciate the futility of directing the attention of this honorable court to the questions at issue in the court below and properly within the function of the jury to decide, however unjustly it may have acted, and recognize that we are bound for the purpose of this'argument, to meet the case as made by the testimony of the plaintiff and her mother, regardless of their interest in the suit, and the contradictory testimony of her four remaining witnesses.” This, therefore, means that if the learned court did not err in refusing a binding instruction in favor of defendant and in refusing a judgment non obstante veredicto, then the judgment should be affirmed.
The learned counsel for the plaintiff relies on the following authorities: McLaughlin v. City of Corry, 77 Pa. 109; Decker v. Scranton City, 151 Pa. 241; Wyman v. Philadelphia, 175 Pa. 117; Manross v. Oil City, 178 Pa. 276; Steck v. City of Allegheny, 213 Pa. 573. Under the evidence in the present case we do not think that Decker v. Scranton City and Manross v..Oil City, have much application. Those cases rested on the peculiar negligence of the city officials which caused the conditions complained of. In Blaine v. Philadelphia, 33 Pa. Superior Ct. 177, we have expressed our views in regard to those cases and we will not repeat them here.
The learned counsel for the defendant have presented an elaborate argument, citing a large number of cases. We have examined these cases and considered the argument carefully and we are not convinced that, the record discloses reversible *320 error. The cases cited by the respective counsel have been considered and commented upon so often that it will not be profitable to discuss and quote from them here. The present case is really within a narrow scope, although the record is very lengthy. If the plaintiff, her mother and one or two other witnesses told the truth and were not mistaken, there was an accumulation of snow and .ice, with hills and ridges therein, for such a length of time as to warrant the jury in finding that the city officials were negligent. It is not seriously contended that the plaintiff was guilty of contributory negligence. The jury found that the plaintiff and her mother correctly described the condition of the sidewalk; that it was obstructed and that the city officials ought to have caused the snow and ice to be removed. Upon this condition of the case, the learned counsel for the defendant saw fit to waive their right to move for a new trial and predicated their defense upon a motion for judgment non obstante veredicto. We have already indicated that we do not think the court erred in overruling this motion.
The assignments of error are dismissed and the judgment is affirmed.