# Fleming *v.* Wilmerding Borough, Appellant.

*Negligence—Boroughs—Defective sidewalks—Point for charge.*

1. It is reversible error for a trial court to affirm without qualification a point for charge as follows: "If evidence be given, though conflicting, against a borough, for injuries for falling upon a defective sidewalk, and that there were loose or rotten planks observable to the passer-by, which defects had been so existing for several weeks, this is sufficient evidence of knowledge on the part of the borough." In such a case it is for the jury to determine from the conflicting evidence whether the sidewalk was defective, and if so, whether the defect was of such character, and had existed for a sufficient length of time to charge the borough with constructive notice.

2. It is the duty of a municipal corporation, having the exclusive care and control of its streets, to see that they are kept in a condition that is safe for the passage of persons and property and if that plain duty is neglected, and thereby an injury results to anyone, the borough is primarily liable to the injured party. In such case, the municipality is not relieved from liability because it notified the owner of the sidewalk to remove the defect.

Argued Oct. 30, 1908. Appeal, No. 212, Oct. T., 1908, by

defendant, from judgment of C. P. No. 1, Allegheny Co., Dec. Term, 1904, No. 991, on verdict for plaintiff in case of Catherine Fleming v. Wilmerding Borough. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before MACFARLANE, J.

At the trial it appeared that plaintiff was injured on April 23, 1904, by a fall on a defective boardwalk in the borough of Wilmerding.

Verdict and judgment for plaintiff for $2,626. Defendant appealed.

*Error assigned* amongst others was the answer to plaintiff's third point, quoted in the opinion of the Supreme Court.

*Samuel S. Mehard,* with him *Wm. H. Thompson,* for appellant.

*Thomas Lawry,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, January 4, 1909:

It was manifest error for the learned court to affirm the plaintiff's third point, the subject of the eighth assignment of error, which point is as follows: "If the evidence be given, though conflicting, against a borough, for injuries for falling upon a defective sidewalk, and that there were loose or rotten planks observable to the passer-by, which defects had been so existing for several weeks, this is sufficient evidence of knowledge on the part of the borough." As suggested by the counsel for the appellant the point is indefinite, inaccurate and misleading. The court in affirming the point told the jury if conflicting evidence be given that there was a defective walk and the defect had existed for several weeks, the evidence was sufficient to show knowledge on the part of the borough. In the first place, if the evidence was conflicting, it was for the jury to determine what it established. In the second place, it was for the jury and not for the court, to determine whether the conflicting evi-

dence disclosed knowledge of the defect on the part of the borough. It was manifestly wrong for the court to say that if there was conflicting evidence that the defect had been existing for several weeks, the evidence was sufficient to show knowledge by the borough of the defect. It was for the jury to determine whether the sidewalk was defective, and if so, whether the defect was of such character and had existed for a sufficient length of time to charge the borough with constructive notice. Both questions were for the jury and not for the court.

We are not prepared to say that the court committed reversible error in its charge. There are some expressions by the learned judge which are not entirely accurate and which do not state the law as clearly as it should be stated to a jury. Numerous cases decided by this court define the duty as well as the liability of a municipality for defective sidewalks, and we have no doubt that the law will be accurately given to the jury on the next trial.

While the case may be a close one on the facts, we cannot say that the court was wrong in refusing to withdraw it from the consideration of the jury.

As the case is remanded for another trial, it may be well to suggest that there was entirely too much said in the charge as to the primary liability of the property owner and the secondary liability of the defendant borough. That was not a question in this case, and if the trial had resulted in a verdict for the defendant and this appeal had been taken by the plaintiff, we might have had some difficulty in sustaining the charge on this ground. The learned judge iterated and reiterated that the liability of the borough in the case was only secondary; that its duty was supervisory only, and that the only duty it had to perform was to see that the property owner whose land abutted the pavement kept the sidewalk clear of defects. In fact the learned judge interjected this into the answer of one of the defendant's points, when the answer should have been simply an affirmation.

It is true that the borough, if compelled to pay damages for an injury resulting from a defective sidewalk may look for reimbursement to the owner of the abutting lot or to any other

party who is responsible for the defect, but as between the party injured and the borough the latter is primarily liable. It is the duty of a municipal corporation, having the exclusive care and control of its streets, to see that they are kept in a condition that is safe for the passage of persons and property, and if that plain duty is neglected, and thereby an injury results to anyone, the borough is primarily liable to the injured party: Brookville v. Arthurs, 130 Pa 501. In such case, the municipality is not relieved from liability because it notified the owner of the sidewalk to remove the defect: Wyman v. Philadelphia, 175 Pa. 117. If a city or other municipality has notice of a defect in a sidewalk used by the public, it is the duty of the municipality to act promptly and see that the defect is removed. It cannot exculpate itself from liability to a person who is injured while using the walk with care on the ground that it had notified the abutting lot owner of the defect and had been waiting for him to remove it. The obligation is upon the municipality to see that the defect is removed, and that the public is protected without awaiting the pleasure or the continued negligence of the property owner. Whether the property owner will be liable to the borough if there is a recovery by the plaintiff against it was not involved in this case, and the right of the plaintiff to recover is not dependent upon the question of the primary or secondary liability of the borough: Bucher v. Sunbury Borough, 216 Pa. 89, 95.

The eighth assignment of error is sustained and the judgment is reversed with a venire facias de novo.