# Devlin *v.* Baldwin Township, Appellant.

*Negligence—Municipalities—First class townships—Sidewalks—Defects—Pedestrian—Fall—Safer route—Contributory negligence—Case for jury.*

In an action by a pedestrian against a township of the first class to recover for personal injuries sustained in a fall occasioned by admitted defects in a sidewalk, the question of plaintiff's contributory negligence was for the jury and a verdict and judgment for plaintiff ill be sustained where it appeared that the plaintiff was a school teacher, that the boardwalk on which she fell was the route usually used to and from school where she taught, and althou h there was a safer route, there was testimony that she could not reach it on account of the mud.

Argued Oct. 18, 1917.   Appeal, No. 54, Oct. T., 1917, by defendant, from judgment of C. P. Allegheny Co., July T., 1915, No. 2094, on verdict for plaintiff in case of Janet A. Devlin v. Baldwin Township.   Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass for personal injuries before EVANS, J.
The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $5,127.50, and judgment thereon. Defendant appealed.

*Error assigned,* among others, was in refusing defendant's motion for judgment n. o. v.

*David L. Starr,* with him *Snee & Flaccus,* for appellants.

*A. Devoe P. Miller,* for appellee.

PER CURIAM, January 7, 1918:

The appellant is a township of the first class in Allegheny County. In walking over a boardwalk—a sidewalk which it was the duty of the township to maintain in a reasonably safe condition—the appellee fell, and for the injuries she sustained this action was brought. The sidewalk was admittedly in an unsafe condition, and appellee's fall was caused thereby. On this appeal of the township from the judgment on the verdict in her favor, the sole question, as stated by counsel for appellant, is, was she guilty of contributory negligence in using the dangerous sidewalk in preference to a safe route known to her? While the case is close, the question of the contributory negligence of the plaintiff was for the jury. The boardwalk on which she fell was the route usually used to and from the school where she taught, and she was not necessarily guilty of negligence because she did not take a safer one: McManamon v. Hanover Township, 232 Pa. 439. There was testimony that the plaintiff could not reach the safer route on account of mud, and for this reason alone the learned trial judge submitted the question of her contributory negligence to the jury under clear and correct instructions. The assignments of error are overruled and the judgment is affirmed.