## Walsh, Appellant, *v.* West Pittston Borough.

*Negligence—Defective sidewalks—Erroneous instruction—Harmless error.*

In an action against a municipality for injuries sustained by plaintiff in consequence of defects in a sidewalk, the fact that the trial judge in charging the jury referred to the ultimate liability of the property owner for the injuries complained of was not reversible error, where no complaint was made of the general charge and the court instructed the jury that the liability of the property owner was not involved in the case.

Argued May 29, 1918. Appeal, No. 61, Jan. T., 1918, by plaintiff, from judgment of C. P. Luzerne Co., March T., 1914, No. 259, on verdict for defendant, in case of P. J. Walsh v. West Pittston Borough. Before BROWN, C. J., MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before GARMAN, J.

The opinion of the Supreme Court states the facts.

Verdict for defendant and judgment thereon. Plaintiff appealed.

*Errors assigned* were instructions to the jury.

*Charles B. Lenahan,* with him *Edward A. Lynch,* for appellant.

*Frank A. McGuigan,* with him *Wm. W. Hall,* for appellee.

PER CURIAM, July 17, 1918:

The sole complaint of the appellant is of the reference by the trial judge in his charge to the jury to the ulti-

mate liability of the owner of the lot abutting on the alleged defective sidewalk. This reference was uncalled for and may be regarded as out of place: Fleming v. Wilmerding Boro., 223 Pa. 295; but we cannot say it was reversible error in view of the general charge, of which no complaint is made, and of the instruction in that portion of it, which is the subject of the second assignment, that the liability of the property owner was not involved in the case. The judgment is, therefore, affirmed.