## Shaw *v.* McKeesport, Appellant.

Argued October 3, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*A. M. Simon,* with him *Harry M. Jones,* for appellant. —Plaintiff's own testimony shows that it was a physical impossibility for the sidewalk at the corner of Huey Street and Shaw Avenue, where she claimed to have fallen, to have been covered with snow and ice as she and her witnesses testified: Maue v. Rys., 284 Pa. 599.

Plaintiff's own testimony shows she was guilty of contributory negligence, assuming for the purpose of argument that there was snow and ice on the sidewalk: Gryning v. Phila., 269 Pa. 277; Kleckner v. R. R., 258 Pa. 461; Steck v. Allegheny, 213 Pa. 573; Watts v. Boro., 255 Pa. 185; Purcell v. Riebe, 227 Pa. 503; Haven v. Bridge Co., 151 Pa. 620; Erie v. Magill, 101 Pa. 616; Robb v. Boro., 137 Pa. 42; Stevenson v. Ry., 219 Pa. 626; Levitt v. Sandwich Shops, 294 Pa. 291; Jones v. Gas & Elec. Co., 289 Pa. 128.

*R. A. Hitchens,* for appellee.—In support of the contention that defendant was guilty of negligence and plaintiff was not guilty of contributory negligence, we cite the following cases: Gross v. Pittsburgh, 243 Pa. 525; Moore v. Phila., 33 Pa. Superior Ct. 194; Marshall v. Levy, 64 Pa. Superior Ct. 90; Fleming v. Phila., 85 Pa. Superior Ct. 172; Slife v. Boro., 262 Pa. 182; Devlin v. Twp., 260 Pa. 179; Green v. Hollidays, 236 Pa. 430; Bruch v. Phila., 181 Pa. 588; Spencer v. Phila., 276 Pa. 310; Llewellyn v. Wilkes-Barre, 254 Pa. 196; New v. Phila., 287 Pa. 588; Nudd v. Boro., 190 Pa. 89; Mellor v. Bridgeport, 191 Pa. 562.

OPINION BY MR. JUSTICE SCHAFFER, November 25, 1929:

Plaintiff brought suit against the City of McKeesport to obtain damages for personal injuries which she sustained as a result of a fall on one of the city's streets, caused, so she alleges, by the accumulation of ridges of ice thereon due to water flowing over the pavement from an adjoining property. Recovery was had by plaintiff and the municipality appeals.

A reading of the record leaves no doubt in our minds that surface water had been flowing over the sidewalk, freezing in cold weather, for a considerable period of time. There was evidence to warrant a finding by the jury that the ice was there, formed in ridges three or

four inches high, on the night of the accident, January 28, 1927.

Appellant argues two propositions to us: first, that the records of the weather bureau show atmospheric conditions which made it impossible that there could have been snow or ice on the sidewalk at the time of the accident. It is quite true the records of the weather bureau indicate the impossibility at the place where the observations were made, on the top of the Oliver Building in Pittsburgh; this accident, however, occurred in McKeesport, fifteen miles away. We are all aware that conditions may be quite different at this distance, that in places no farther apart than these two, it may be snowing or raining in one and not in the other, that ice may remain much longer in one situation than another, due to surrounding conditions—shade, the thickness of the ice, and, where water is flowing, to its renewal from day to day—and to other things. It would not be a sound conclusion that there was no ice or snow at the place of the plaintiff's fall merely from the weather bureau's records in Pittsburgh, where there is the positive testimony of the plaintiff and witnesses called by her that they saw them. Particularly is this so when the weather bureau records disclose that on the two previous days, January 26th and 27th, the thermometer was as low as 9 degrees above zero. We conclude there was sufficient evidence of the ice accumulation, and of its existence for a period long enough to put the city on notice of its presence, and to warrant a finding of negligence on its part. In Gross v. Pittsburgh, 243 Pa. 525, where a recovery for plaintiff was affirmed, it appears, as it does here, that the proximate cause of the injury was the icy unevenness of the pavement and that due to the running of water over it, owing to a broken spout, ice had been accumulating at different times throughout the winter. A case very similar to the one in hand is Green v. Hollidaysburg, 236 Pa. 430, where we affirmed

per curiam a finding for plaintiff due to her fall on ridges of ice on a pavement.

The second position taken by the city is that the plaintiff was guilty of contributory negligence, one of the features of which is that she weighed 250 pounds. Appellant's counsel point to no judicial determination and none has come to our attention, in which it has been adjudicated that such alleged excess of female weight is a factor to be considered in determining lack of care in walking on public highways.

At the time of the accident, plaintiff was on her way to the railroad station to take a train. She had the choice of two routes, equally convenient to her, either along Cornell Street or by way of Fairview Avenue to its intersection with Huey Street and along the latter. She had walked on Cornell Street the day of the accident and was more familiar with it than with Huey Street, not having been along the latter for two weeks. Huey Street, however, was a much-traveled thoroughfare of the city. In walking along this street and approaching Shaw Street (it was at the corner of these two that the accident happened) plaintiff was on a descending grade. She testified that she left her home in the evening about seven fifteen; that. it was raining, foggy and misty, and that she carried an umbrella; that there was snow and ice on the sidewalks; that as she proceeded down Huey Street toward the corner of Shaw, she watched very carefully, picking her way; that it was dark and she could see only about two feet in front of her; that as she took a step her foot caught in something, she did not know what, which threw her, and, looking to see the cause of her fall, she observed the uneven ridges of ice on the pavement three or four inches high, some snow, and water running over the stone wall of the adjoining property, which she had not been able to see because of the darkness and the mist and fog. Witnesses called by her said that water had been running over the pavement for more than a year which

froze in the winter time, and that the sidewalk at the place of the accident from this cause was in bad condition; that on the night before the accident to plaintiff, another pedestrian had fallen there and others a short time previously; that the ice was heavy, formed into ridges, the running water freezing higher in some places than in others; that the condition was so bad that those who saw the ice walked around the water plug near it so as to avoid the danger of falling, and, that there was ice on the pavement the morning after plaintiff fell. Under this testimony, considering the kind of night it was, dark, raining, misty and foggy, that plaintiff was taking care as she proceeded, "picked her way," that she had not passed over the point of danger for two weeks and did not know of the existence of the ridges of ice, we are not prepared to say she was guilty of contributory negligence as a matter of law; that question was for the jury: Gross v. Pittsburgh, 243 Pa. 525; Devlin v. Baldwin Twp., 260 Pa. 179; Green v. Hollidaysburg, 236 Pa. 430; Upperman v. Ford City Boro., 289 Pa. 197. We also conclude under the circumstances as they existed at the time, it would not be proper to decide as a matter of law that plaintiff was bound to take the other route to her destination: Mellor v. Bridgeport, 191 Pa. 562.

The judgment is affirmed.