Opinion by
 

 Kenworthey, J.,
 

 This action in trespass is by a husband and wife to recover damages for personal injuries sustained by the wife in a fall on an icy sidewalk. The verdicts were for plaintiffs against the city and in favor of the city against the tenant of the property. The city has appealed from the refusal of its motion for judgment n. o. v.
 

 Since the city concedes the question of contributory negligence was for the jury, we state only the facts essential for the determination of the question of negligence. The verdicts compel us to state them in the light most favorable to plaintiffs. The property adjacent to which the accident happened is located at the
 
 *325
 
 southeast corner of 11th and Catharine Streets. Wife-plaintiff was walking east on the south sidewalk of Catharine. At a point fifty or sixty feet east of the corner, the heel of her right shoe caught between two ridges of ice, causing her to fall. The exact height of the ridges was not shown, but she said her “whole heel” went in. The sidewalks in the vicinity had, been properly cleared of snow and ice but at the point where the accident happened there was an. accumulation of ice extending the .width of the sidewalk from house line to curb and along the sidewalk a distance of about fifty feet. For three or four years prior to the accident, a rainspout on. the building had been broken. Plaintiffs’ principal witness . testified that when, it snowed or rained, “Well, you could stand on the corner there at Warnock Street and see the water just dripping down on the shed,, on the roof of that shed there, which we will call a garage, and just drop on the pavement and form the ridges of ice.” He said, “It was always full of ice, regardless of the snow,”. “It generally stays there all winter,” “Well, I wouldn’t say the duration, unless the sun melts it sometime, but the majority of the winter there is.” For perhaps six weeks prior to the accident, the condition was so dangerous he:would walk in the street to avoid it. The condition was aggravated by the fact that the south sidewalk in winter got very little sun. The exact thickness of the ice was not shown. Virtually the only dispute was whether ashes had been thrown on the ice. The tenant testified that, on the afternoon before the accident, his employee had removed a light snowfall from the remainder of the sidewalk and had placed ashes on the ice patch. . This was denied by plaintiffs, who testified the ashes were not placed there until the morning following the accident.
 

 Judge Keller, in
 
 Duvall v. City of New
 
 Castle, 74 Pa. Superior Ct. 573, 574, said: “......while walking on the sidewalk on East Street, a main traveled high
 
 *326
 
 way in the City of New Castle, [plaintiff] was injured by a fall from slipping on a ridge or mound of ice, four or six inches high, extending across the sidewalk and caused by defective spouting on the house fronting at this point, which permitted water to leak or drop on the steps below and flow across the pavement until frozen; and that this condition had existed for ten days or two weeks prior to the accident. This was sufficient evidence of the defendant’s negligence to carry the case to the jury.” See also,
 
 Gross v. Pittsburgh,
 
 243 Pa. 525, 90 A. 365. Was the fact that the ridge was shown to have been four or six inches high of vital importance? We think not. In
 
 Dean v. City of New Castle,
 
 201 Pa. 51, 50 A. 310, water ran across a sidewalk from a drain pipe and formed in a ridge, the size of which was not described, and a verdict for the plaintiff was upheld. In
 
 Holbert v. Philadelphia,
 
 221 Pa. 266, 70 A. 746, smooth ice formed on a sidewalk beneath a railroad bridge, as a result of water draining from a higher level and dripping from the bridge, and the court sustained a recovery. Mr. Justice Mestrezat said, p. 272: “The liability for injuries resulting from the accumulation of ice on a pavement is not confined to cases where the accumulation has resulted in hills or ridges.” And further, “They (plaintiff’s injuries) were not caused by the general slipperiness or smoothness of the sidewalk resulting from the precipitation and freezing of recent falls of snow or rain. If they were, of course she could have no claim against the city. They were caused by the condition of the sidewalk beneath the bridge, made unsafe and dangerous to travel by the accumulation of ice, which could, and should, have been prevented by the city.” And, in the recent case of
 
 Fritzky v. Pittsburgh,
 
 340 Pa. 217, 16 A. (2d) 422, the Supreme Court allowed recovery, where a large patch of smooth ice had been permitted to accumulate across a sidewalk and street, as a result of water draining from a hillside and
 
 *327
 
 over a wall to the sidewalk. Mr. Justice Drew said, p. 220: “The instant accident was not the result of a 'general slippery condition’ of the streets, or the result of a 'normal’ amount of ice upon the streets. It resulted from an accumulation of ice and snow over a period of weeks, which, because of its size, covered all the sidewalk and half the street, and constituted a dangerous obstruction in the public highway.”
 

 The cases clearly indicate that a municipality’s duty is not limited to the duty of removing hills and ridges from ice which naturally accumulates. It also owes a duty to protect the public against the artificial, as distinguished from the natural, accumulations of ice on its sidewalks. Whether it performed its duty was, in this case, properly left to the jury.
 

 There is another class of cases in which a municipality is held liable without proof of hills and ridges. We refer to cases in which the formation of the ice is due to a prior act of negligence on the part of the municipality.
 
 Decker v. Scranton City,
 
 151 Pa. 241, 25 A. 36 and
 
 Manross v. Oil City,
 
 178 Pa. 276, 35 A. 959 are examples. ¡The city here contends that plaintiffs attempted, at the trial, to bring the case within this class and that this constituted a .Vital variance. But plaintiffs made no claim that the city had been guilty of any prior iact of negligence. They did not contend the city should have repaired the rainspout. What they alleged land proved was that the city was negligent “in permitting an accumulation of ice and ,snow for a long period of time ¡without ...... having the ice and snow removed.” The allegations here were almost identical with the allegations in
 
 Eolbert v. Philadelphia,
 
 supra. The faulty rainspout was merely evidence of what caused the artificial condition. If the city had desired more detailed information about the proofs, its remedy was a rule for a more specific statement of claim.
 

 
 *328
 
 The contention that there was insufficient evidence to show that the wife-plaintiff’s injury was caused by the icy condition is entirely without merit.
 

 The judgments are affirmed.