## Ward, Appellant, v. Pittsburgh et al.

Argued September 27, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Sebastian C. Pugliese,* with him *Coleman Harrison,* for appellant.

*H. Stewart Dunn,* Assistant City Solicitor and *J. Roy Dickie,* with them *Anne X. Alpern,* City Solicitor, and *Dickie, Robinson & McCamey,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, November 26, 1945:

This is an action in trespass by James Ward, appellant, against the City of Pittsburgh and Rebecca Golden, owner of abutting property, appellees, for injuries sustained when he slipped and fell on an accumulation of ice on the sidewalk. The jury returned a verdict in favor of appellees. This appeal is from the refusal of the court below to award a new trial.

On January 23, 1943, James Ward, appellant, was walking on the sidewalk in front of the premises of Rebecca Golden, one of the appellees, situate at 1400 Fifth Avenue in the City of Pittsburgh. Appellant was proceeding toward Magee Street when he slipped on ice about ten to twelve inches in width and extending approximately five feet diagonally along the pavement. By

his testimony the accident occurred at a busy street corner on a Saturday evening between seven and eight o'clock. The accumulated ice resulted from the continued dripping of water from a spigot on the Golden premises. There was no general icy condition. Ward stated that the ice was in ridges. Louis Schubert, appellant's witness, corroborated Ward regarding the time and place of the fall. He stated, however, that the ice was smooth. The trial judge refused to permit him to testify regarding the presence of ice for more than two days prior to the accident.

Appellees' testimony tended to establish that the accident occurred about six o'clock in the evening, that appellant was under the influence of liquor, and that there was no ice on the pavement at the time of the accident. A statement by one Louis Sobel, a witness for appellees, was admitted in evidence over objection. The statement set forth that Sobel had seen appellant in a drunken condition between 4:00 and 5:00 P.M. on the day of the accident and had helped pick him up from the sidewalk; that about an hour later he had seen him walking at Watson and Forbes Streets and had seen him slip off a curb and fall under the running board of a car. The statement was dated August 6, 1943. At the time of trial Sobel was unable to speak articulately because in the meantime he had had several strokes which affected his power of speech. He stated, however, in answer to a leading question, that the facts therein contained were true. Richard J. McConnell, an employee of the U. S. Weather Bureau, called by appellees, testified regarding the temperatures from January 17 to January 23.

The trial judge charged the jury, *inter alia,* that the burden of proof was upon appellant to convince the jury that there was a ridge of ice which caused the fall and that it had been there a sufficient length of time to put appellees on notice.

The jury returned a verdict for appellees. This appeal is from the refusal of the court below to grant ap-

pellant's motion for a new trial. Appellant contends that the court erred (1) in admitting the statement of Sobel; (2) in refusing to permit Schubert to testify regarding the period of time over which he had noticed the presence of ice at the particular place where the accident is alleged to have happened; and, (3) in its charge to the jury excluding possibility of recovery unless the evidence positively established the presence of ridges on the ice.

Appellant has erroneously referred to the declaration of Sobel as an *ex parte* declaration. Sobel was present at the trial and, while his power of speech was seriously affected, he, nevertheless, could and did answer leading questions. He testified that the statement which was introduced in evidence was true and correct and that it had been given by him and signed by him on the date therein set forth. Counsel for appellant could have asked him leading questions to test his credibility or otherwise negative the damaging effect of the statement. Under the circumstances the trial judge did not err in admitting the statement.

Appellant was required to prove that the City of Pittsburgh had either actual knowledge of the presence of ice or constructive notice thereof, by showing that it was a dangerous condition and existed for some time. The trial judge so charged the jury, but in the trial of the case refused to permit Schubert, appellant's witness, to relate that over a long period of time he had seen ice upon this particular spot whenever the temperature was sufficiently low for ice to form. In *Zieg et vir v. City of Pittsburgh*, 348 Pa. 155, the fact that over a period of years there was ice present on the sidewalk whenever a freeze occurred was considered in holding that the City had constructive knowledge of the dangerous icy condition then existing. The trial judge limited Schubert's testimony to two days prior to the date of the accident. The court erred in this regard, particularly when it later charged the jury that the burden was upon appellant to

establish the presence of ice over a long period of time before the appellees could be held negligent in the maintenance of the sidewalk.

The trial judge also erred in charging that the burden was upon Ward "to prove that the ice was there in ridges sufficiently rough, and in ridgy form, or equivalent to that, which would be an obstruction to passers-by because that is the law. I don't make the law but that is the law. *Curiously enough, if there was smooth ice there and you would fall on it you could not recover."* (Italics supplied.) There were no qualifications to the rule thus set forth although it was admitted that there was no general icy condition at that time. In *Holbert v. Philadelphia,* 221 Pa. 266, the Court said (p. 271) : "It is the duty of a municipality to keep its streets, including its sidewalks, in a reasonably safe condition so that pedestrians using the sidewalks and exercising care may do so with safety . . . The liability for injuries resulting from the accumulation of ice on a pavement is not confined to cases where the accumulation has resulted in hills or ridges." *Bailey v. Oil City et al.,* 305 Pa. 325, is inapplicable here. In that case there was a general icy condition and the Court held (p. 327) : "It is, however, a city's duty to cause the removal from the walks of such substantial ridges or hills of ice or snow as constitute an obstruction to travel." While a majority of the ice cases show that there has been testimony regarding the existence of hills and ridges, that rule requiring their existence does not apply when no general icy condition is permitted to exist on a sidewalk or street. In *Fritzky et al. v. Pittsburgh,* 340 Pa. 217, there was no general icy condition. Water had fallen over a wall onto the sidewalk and extended into the street. This condition existed each winter for several years. This Court, in setting aside a nonsuit and awarding a new trial, said (p. 220) : "The instant accident was not the result of a 'general slippery condition' of the streets, or the result of a 'normal' amount of ice upon the streets.

It resulted from an accumulation of ice and snow over a period of weeks, which, because of its size, covered all the sidewalk and half the street, and constituted a dangerous obstruction in the public highway." It was pointed out that where the existence of ice on the sidewalks results from the city's neglect, as in the case of a broken hydrant (*Decker v. Scranton City*, 151 Pa. 241), a defective water pipe (*Dean v. City of New Castle*, 201 Pa. 51), or, stoppage of a drain (*Manross v. Oil City*, 178 Pa. 276), the city may be liable for injuries sustained regardless of the absence of ridges in the ice. See. *Julian et vir v. Philadelphia*, 147 Pa. Superior Ct. 323, 326. To these should be added the *continued* presence of ice on a sidewalk each time a freeze occurs, resulting from a defective spigot. Schubert had testified that the spigot had dripped for over a half a year prior thereto and that whenever it was cold it was icy; that the strip of ice was approximately twelve inches wide and ran for about eight feet diagonally across the sidewalk; and, that the ice was smooth. Appellant had testified that there was ice for a distance of eight feet east of the corner of the building and that it was in a ridge and that he slipped on this ice.

Had the jury disbelieved appellant, whose credibility was seriously attacked, under the charge of the trial judge it would have been required to bring in a verdict for the defendant, even though they might have believed appellant's witness, Schubert. We are of opinion that this charge was prejudicial error.

Appellees argue that the testimony of McConnell, employed by the U. S. Weather Bureau, conclusively establishes the falsity of appellant's testimony. The weather bureau records were made from the top of the New Federal building, while the premises involved were situate at 1400 Fifth Avenue. The same argument was made to this Court in *Shaw v. McKeesport*, 298 Pa. 119. What was there said is applicable here. The Court said (p. 122): "We are all aware that conditions may be quite

different at this distance, that in places no further apart than these two, it may be snowing or raining in one and not in the other, that ice may remain much longer in one situation than another, due to surrounding conditions—shade, the thickness of the ice, and, where water is flowing, to its renewal from day to day—and to other things. It would not be a sound conclusion that there was no ice or snow at the place of the plaintiff's fall merely from the weather bureau's records in Pittsburgh, where there is the positive testimony of the plaintiff and witnesses called by her that they saw them."

Judgment is reversed and a new trial granted.