## Decker *v.* Scranton City, Appellant.

*Municipalities—Streets—Ice—Negligence.*

An accumulation of ice caused by the defective construction of a highway casts upon the municipality the duty of removing the obstruction upon notice.

A municipality is liable in damages for an injury caused to a person by slipping on ice in a street, where the ice has accumulated by reason of the neglect to construct and maintain suitable drains to carry off water.

Argued Feb. 22, 1892.    Appeal, No. 21, July T., 1891, by defendant, from judgment of C. P. Lackawanna Co., Oct. T., 1888, No. 263, on verdict for plaintiff, Theodore F. Decker. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Trespass for personal injuries, caused by alleged negligence by defendant in maintaining the highway.

At the trial, before ARCHBALD, P. J., the evidence was to the effect that, on Jan. 17, 1888, plaintiff was driving a load of hay on a sleigh on Oak street in the city of Scranton.    In going down a steep incline, the sleigh was overturned, and plaintiff injured.    At the point where the accident occurred the street was lowest in the middle, and without ditches at the sides, and the water from a broken hydrant and other sources ran down the middle of the street and, freezing, caused an accumulation of ice.    One witness testified that if there had been ditches to divert the water to the side of the street, the ice would not have accumulated.    The street had been in the

151      241
d 33 SC  178
  33 SC  179
  33 SC  182
  33 SC  196

151      241
f221     ²271
  35 SC  ²308
c 35 SC  319

condition in which it was on the day of the accident for from two to four weeks before that time.

Defendant's points were, among others, as follows:

" 5. The undisputed evidence of the plaintiff and all his witnesses being that the accident would not have occurred had it not been for the ice, the ice was the proximate cause of the injury, and the defendant is not liable unless the jury find that the ice had so accumulated in hills and ridges as to form an obvious physical obstruction to travel and that the defendant had notice of the same. *Answer:* I refuse this point, because it asks me to instruct you that the city could only be liable where there was an accumulation of ice in hills or ridges, so as to amount to an obvious physical obstruction. It seems to me that for any accumulation of ice negligently allowed to form upon the streets of the city in such quantity, or under such conditions as to amount to a danger and an obstruction to travel, the city might be liable after notice." [1]

" 7. The defendant is not bound to keep the street free from the fall of snow or the formation of ice, except when it accumulates in hills or ridges so as to form an obvious physical obstruction to travel, and then only after notice. *Answer:* This I refuse, for the same reason given for the refusal of the fifth point." [2]

" 8. Under all the law and evidence in this case, the plaintiff is not entitled to recover. *Answer:* If I affirm this point it would compel me to take the case from your consideration, and to direct a verdict in favor of the defendant. This I cannot do." [3]

Verdict and judgment for plaintiff.   Defendant appealed.

*Errors assigned* were (1–3) answers to defendant's points, quoting points and answers.

*I. H. Burns*, for appellant.—Where there is no accumulation of ice or snow in the shape of hills or ridges, a municipality is not liable to a person who is injured by slipping on ice in a street: McLaughlin v. Corry, 77 Pa. 109; Mauch Chunk v. Kline, 100 Pa. 122.

*S. B. Price*, *J. W. Carpenter* with him, for appellee.—If there was some special cause for the formation of ice in a particular locality, owing to the construction or condition of the road, it

would be a defect if it rendered the way unsafe and dangerous, though it was only smooth and slippery: Pinkham v. Topsfield, 104 Mass. 78; Adams v. Chicopee, 147 Mass. 440. Negligence may be the proximate cause of an injury of which it is not the sole or immediate cause: Shear. & Redf. Neg. § 10; Burrell Twp. v. Uncapher, 117 Pa. 363. The city authorities were bound to take notice of the condition of the highway, and to provide against accidents: Plymouth Twp. v. Graver, 125 Pa. 36; Jackson Twp. v. Wagner, 127 Pa. 195.

OPINION BY MR. JUSTICE McCOLLUM, October 3, 1892.

It is alleged that error was committed by the learned court below in the refusal of the city's fifth, seventh and eighth points. The first and second assignments complain of the answers to the fifth and seventh points, and as they practically involve the same question they may be considered together. The ground of complaint in these is that the court declined to charge the jury that the city was not liable unless the ice had so accumulated in hills and ridges as to form an obvious physical obstruction to travel, and that the city had notice of the same. The points in question were predicated upon the principle that a municipality is not liable for injuries resulting from the general slipperiness of its streets caused by the ice formed from the rain and snow falling upon them, but they entirely ignored the defective condition of the roadway, and the evidence showing that the ice upon it was formed from the water which the city negligently permitted to flow there from the broken hydrant. In his general charge the learned judge distinctly instructed the jury that the city was not liable in this case unless they found that the road was defectively constructed by it, and that it negligently allowed the ice to accumulate there. He also instructed them that there was not such an accumulation of ice from natural causes—"from the results of an ordinary storm or from the thawing and freezing that goes on in winter"—as the city was bound to remove. In these instructions the city obtained all that it was legally entitled to. It was certainly its duty to construct and maintain suitable ditches and sluices to carry off the water which ordinarily flowed from springs and other sources outside and in the vicinity of the highway. It could not in violation of this

*a*

duty allow such water to run along the centre of or over the road, until there was an accumulation of ice from it which rendered unsafe and obstructed travel thereon, without incurring liability to a party who in consequence thereof sustained an injury. A defective construction of the road in conjunction with such an accumulation of ice cast upon the municipality the duty of removing the obstruction on notice. If the water from the broken hydrant came upon and ran over the road as described in the testimony of Morgan and Boland and the ice complained of was formed by it, the city cannot escape responsibility on the plea that the ice had not "so accumulated in hills and ridges as to form an obvious physical obstruction to travel." We think therefore that no error was committed by the learned judge in his denial of the city's fifth and seventh points.

That the road was in a dangerous condition at the time and place of the accident does not admit of serious question. This was abundantly shown by the evidence produced by the appellee and was conceded by the city's witnesses. It was a condition which was attributable to the defective construction of the road, in conjunction with the ice which was negligently allowed by the city to form and remain there. The case was for the jury; it was submitted in a clear and careful charge, and the verdict is fully sustained by the evidence.

The specifications of error are overruled.

Judgment affirmed.