212     151
f 33 SC 181

212     151
 34 SC ²127
212     151
f 35 SC ¹309

</div>

## Garland, Appellant, v. City of Wilkes-Barre.

*Negligence—Municipalities—Streets—Accumulation of snow and ice.*

A general slippery condition of a street at a public crossing caused by the snow and ice in the winter time is not sufficient to charge a municipality with liability for an injury caused by a fall on the snow and ice.

In an action against a municipality to recover damages for personal injuries sustained by a fall on ice at a public crossing, evidence that three days before the accident the snow and ice was in a ridgy condition, is insufficient to establish negligence on the part of the municipality, where there is no evidence offered to show the condition of the crossing during the following three days.

Argued April 12, 1905. Appeal, No. 108, Jan. T., 1905, by plaintiff, from judgment of C. P. Luzerne Co., Feb. T., 1904, No. 53, on verdict for defendant in case of Bridget Garland v. City of Wilkes-Barre. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WHEATON, J.

At the trial it appeared that on January 9, 1904, at about

half-past nine in the evening, plaintiff fell on the ice and snow at a public crossing in the city of Wilkes-Barre. The evidence as to the condition of the street is set forth in the opinion of the Supreme Court.

- The court gave binding instructions for defendant.
- Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

James L. Lenahan, with him *Chas. B. Lenahan*, for appellant.—If snow and ice is suffered to remain until it forms into mounds or ridges, the municipality will be liable therefor, on the theory that it then actually forms an obstruction in the highway : McKean v. Salem, 148 Mass. 109 (19 N. E. Repr. 21) ; McAuley v. Boston, 113 Mass. 503 ; Luther v. Worcester, 97 Mass. 268 ; McLaughlin v. Corry, 77 Pa. 109 ; Wyman v. Philadelphia, 175 Pa. 117 ; Smith v. Chicago, 38 Fed. Repr. 388 ; Norton v. St. Louis, 97 Mo. 537 (11 S. W. Repr. 242) ; Manross v. Oil City, 178 Pa. 276.

Defendant had constructive notice : Dean v. New Castle, 201 Pa. 51 ; Butcher v. Phila., 202 Pa. 1.

Edwin Shortz, with him *Chas. F. McHugh* and *P. H. Campbell*, for appellee.—It requires more than a slippery condition of the crossing at the time of the occurrence of the accident, to make the city liable for the injury sustained by the plaintiff. It requires, in addition to a slippery condition, the accumulation of snow and ice in the shape of such pronounced ridges and hills as to render the passage dangerous : Mauch Chunk v. Kline, 100 Pa. 119 ; McLaughlin v. Corry, 77 Pa. 109 ; Springer v. Philadelphia, 22 W. N. C. 132 ; Hanson v. Borough of Warren, 22 W. N. C. 133 ; Dehnhardt v. City of Phila., 15 W. N. C. 214.

Where the obstruction exists for only a few hours, constructive notice cannot be inferred : Hanson v. Borough of Warren, 22 W. N. C. 133 ; Kelchner v. Nanticoke Boro., 209 Pa. 412.

OPINION BY MR. JUSTICE ELKIN, May 15, 1905 :

The circumstances of this case are similar to those presented in Mauch Chunk v. Kline, 100 Pa. 119, wherein it was held that

the plaintiff must satisfy the jury that there was an obstacle, other than the mere slippery condition and smoothness of the surface that made the crossing where he fell dangerous. A general slippery condition of the street at a public crossing caused by the snow and ice in the winter time is not sufficient to charge the municipality with liability, for the obvious reason that it cannot prevent it: McLaughlin v. City of Corry, 77 Pa. 109.

In the case at bar the testimony of the appellant does not disclose more than a slippery condition of the crossing at the time of the accident, with some slight ridges of ice caused by wagons and sleighs passing over. When asked to tell the jury how it happened, she replied, " As I got to this pavement I slipped and fell. My foot went down, you know, and slipped." The accident occurred on a Saturday night. To support her allegation of negligence on the part of the municipality, a witness was called to prove that on the preceding Wednesday night the crossing in question was not only icy and slippery, but ridgy as well. No testimony was offered by the appellant to show the condition of the crossing between Wednesday and Saturday, and no basis was furnished for the inference which the jury was asked to draw, to wit: that the condition testified to by this single witness continued unchanged until Saturday evening when she sustained the injuries that constitute the subject-matter of her complaint. In the meantime hundreds of wagons and sleds and thousands of pedestrians had passed over the crossing. Doubtless the passage of various vehicles up and down the alley caused the formation of small ridges of ice, but were these such as to render the crossing dangerous, and if so, was the danger apparent and notorious? Of the numerous persons who passed along the sidewalk from Wednesday night to Saturday afternoon, not a witness was produced who avoided the crossing or regarded it as dangerous. Under this state of facts it is difficult to see under what theory the city could be charged with constructive notice. If a defect is such that it is discovered by only one of a thousand or more persons who pass it in the ordinary pursuit of business or pleasure, it cannot be said to be notorious, or such a defect as a municipality is bound to take notice of: Burns v. Bradford City, 137 Pa. 361.

. It is true the mother of the plaintiff testified that about the middle of Saturday afternoon she saw ridges of ice here and there on the crossing, but an examination of her testimony makes it doubtful what she meant by the term " ridges of ice, " or whether she would have noticed them had she not been obliged to use a crutch in walking. The ridges of ice described by her were such as were caused by horses, wagons and sleds that were continually passing over the crossing. If her testimony could be regarded as establishing a dangerous condition of the crossing on Saturday afternoon, and no evidence had been given by the defense that later in the same afternoon it had been cleaned and all the snow and ice removed, the short time which elapsed before the accident would be insufficient to charge the municipality with constructive notice.

Assignments of error overruled and judgment affirmed.