Opinion by
Morrison, J.,
This is an action of trespass based on the alleged negligence of defendant. The parties waived a jury trial under the Act of May 14, 1874, P. L. 166, and the supplement thereto of May 4, 1889, P. L. 80, and referred the case to a referee, learned in the *307 law, who heard the plaintiff’s testimony (the defendant offering no testimony), and found in favor of the plaintiff, assessing his damages at $500. The learned court below dismissed exceptions to this report and entered judgment thereon, without filing M opinion and without giving any reasons whatever. We must, therefore, assume that the court had no better reasons in support of the judgment than those advanced by the referee. As the defendant offered no evidence, we are relieved from the operation of the' rule that the person who sees the witnesses and hears them testify, is in a better position to determine their credibility and the weight of their evidence, than the appellate court. We will test this case by assuming that the plaintiff and his witnesses testified truthfully.
The plaintiff undertook to establish by his own testimony, and that of several other witnesses, that the city was negligent in permitting a sidewalk on one of the public streets to become so obstructed and slippery with snow and ice that, while using due care, he slipped and fell, receiving serious bruises and injuries which caused him much pain and prevented him from attending to his usual work for a long space of time. He was a carpenter and joiner and worked regularly at his trade. We have carefully read and considered all of the evidence, the report of the referee, and his opinion, and, in our judgment, the evidence entirely fails to sustain his findings of fact and conclusions of law. The evidence not only fails to establish the negligence of the defendant, but it fully warrants a finding that the plaintiff was guilty of contributory negligence. The evidence shows that the sidewalk, where the plaintiff fell, was covered with ice of from one-half to one inch in thickness, and that it was smooth and slippery and slightly wavy or corrugated, as the witnesses express it. That the uneven places were not more than one-half to one inch high, on any view of the testimony. But the plaintiff himself testified that the irregularity of the surface of the ice, where he fell, was not more than one-sixteenth of an inch. The plaintiff being a mechanic, it is fair to presume that he gave the testimony intelligently, and if there had been little hills and ridges of ice, he, or some of his witnesses, would have seen and described them.
*308 The settled law of this state is that a municipality is not bound to remove smooth, slippery ice from a sidewalk where there are no hills or ridges which amount to an obstruction. The only exception to this rule is where the slippery condition is caused by the independent negligence of the municipality as in Manross v. Oil City, 178 Pa. 276, and Decker v. Scranton City, 151 Pa. 241. Upon this point see Blaine v. Philadelphia, 33 Pa. Superior Ct. 177, where we attempted to indicate our understanding of those cases. Their doctrine has no application to the case at bar, because there is no evidence in it that the slippery condition of the street was caused by the independent negligence of the city authorities.
The learned referee convinced himself, and the court below, “ that the presence of hills and ridges is regarded rather as good evidence of such an accumulation of ice and snow as to render the city liable, than as a necessary element of liability.” In this conclusion he is in flat conflict with the decisions of the Supreme Court and of this court. Starting with the fact that the waves or uneven places on the sidewalk were about one-sixteenth of an inch high, and at most, they could not have exceeded an inch in height, the referee undertook to construe the decisions so as to convict the defendant of negligence in not removing this practically smooth and slippery ice from the sidewalk. In this he attempted to do an impossible thing.
In Borough of Mauch Chunk v. Kline, 100 Pa. 119, Chief Justice Sharswood, delivering the opinion of the court, said, quoting from McLaughlin v. City of Corry, 77 Pa. 109: “A municipality cannot prevent the general slipperiness of its streets caused by the snow and ice during the winter, but it can prevent such an accumulation thereof in the shape of ridges and hills, as render their passage dangerous.” In that case the evidence was that the snow and ice was rounding and it was from three to six inches thick; the center of the crossing was higher by an inch or two than it was on each side and yet this was held not to be such hills and ridges as would convict the defendant of negligence.
Dehnhardt v. City of Philadelphia, 15 W. N. C. 214, is in full accord with the doctrine of the above case. In that case the *309 pavement was not as clear of ice as some of the other pavements which had received more attention, but it was free from ridges and hills, except such as were made by the footsteps of persons passing over it, and which in depth were about the thickness of a hand laid flat. The Supreme Court said: “Slippery walks in the winter are necessarily incident to this climate. No method known to science can fully prevent their existence nor guard against occasional injuries resulting therefrom. It would be a harsh and unjust rule to hold the city liable in damages under the facts in this case.”
We might refer to many other cases along the same lines, but it is unnecessary. However, the late case of Garland v. City of Wilkes-Barre, 212 Pa. 151, is in point and it shows conclusively that the Supreme Court has not modified the rule as to hills and ridges on slippery sidewalks. Mr. Justice Elkin said: “The circumstancés of this case are similar to those presented in Borough of Mauch Chunk v. Kline, 100 Pa. 119, wherein it was held that the plaintiff must satisfy the jury that there was an obstacle other than the mere slippery condition and smoothness of the surface that made the crossing where he fell dangerous.” And he cited McLaughlin v. City of Corry, 77 Pa. 109.
In the Garland case there was considerable roughness and unevenness of the ice, but it did not amount to hills and ridges; or, in other words, not to a visible obstruction, and, therefore, the plaintiff was not allowed to recover. The learned referee seems to have been misled by Wyman v. City of Philadelphia, 175 Pa. 117, which he understands to plainly decide that the size of the hills and ridges was immaterial. In that case the Supreme Court said: “The jury was carefully instructed that the city was not liable for a mere ordinary slippery condition of the sidewalks, resulting from the sudden formation of ice, but that if the snow and ice existed in ridges and little hills and the pavement was permitted to remain in that condition for a length of time sufficient to charge the city with knowledge of the situation, and the obstruction was not removed, there might be liability for an accident happening in those circumstances. There was plenty of testimony to establish the plaintiff’s contentions *310 in this respect, and it was therefore the duty of the court below to submit the case to the jury, which was done in a very careful and cautious manner.”
The learned referee seems to think that the expression “little hills and ridges” renders their size immaterial. But turn to the facts in that case and we find that the entire pavement was covered with ice and snow which lay in ridges and hills four or five inches high, and that this condition of affairs existed for at least from ten to fourteen days prior to the accident. Now compare that with the plaintiff’s testimony in the case at bar, where he says that the waves or unevenness in the ice were about one-sixteenth of an inch high, and the error of the referee’s conclusion becomes strikingly apparent.
Having reached the conclusion that the plaintiff’s evidence entirely failed to establish negligence on the part of the city, the judgment must be reversed and, therefore, it is not necessary to spend much time over the question of contributory negligence on the part of the plaintiff. But his own testimony shows with great clearness that the street where he fell was only smooth and slippery and it had been in that condition for a long time to his personal knowledge, he having seen it almost daily; that the walk on the other side of the street was in good condition and it does not appear that it was at all necessary for him to go upon the walk in question. Moreover, he did not approach the walk on a regular crossing, nor in the ordinary manner, but he crossed the street diagonally and voluntarily, without necessity, and stepped upon this well-known slippery walk. In our opinion, this establishes his contributory negligence. If this is not a case where a man, with full knowledge of the slippery character of the street and of another safe and convenient route to his destination, voluntarily exposed himself to the apparent danger, then it would be difficult to find such a case.
It is unnecessary to burden this opinion with the numerous authorities on the question of contributory negligence. The late case of Dwyer v. Port Allegheny Borough, 216 Pa. 22, convicts a plaintiff of contributory negligence on much less evidence than the plaintiff furnished against himself in the case at bar. See also Smith v. City of Newcastle, 178 Pa. 298; Bechtel *311 v. Mahanoy City Borough, 30 Pa. Superior Ct. 135, and cases cited on page 139.
In finding that the plaintiff was not negligent the learned referee seems to have overlooked the plaintiff’s positive testimony that he knew the pavement had been dangerous for a long time and that he had warned others of that fact; and also, his testimony that the other walks were in better condition. The learned court erred in dismissing the exceptions and entering judgment in favor of the plaintiff.
Judgment reversed and judgment here granted in favor of defendant.