# Hibberd *v.* Philadelphia, Appellant.

*Negligence—Municipalities—Ice on sidewalk—Pedestrian—Notice of condition—Evidence—City ordinance—Case for jury.*

1. In an action against a municipality to recover damages for personal injuries sustained by falling on an icy pavement, the case was properly submitted to the jury and a verdict for the plaintiff will be sustained where it appears that the ice had been on the pavement for a week or ten days prior to the accident, although the plaintiff, a man of advanced age had testified in depositions pre-

viously taken that at 3 o'clock on the afternoon of his fall the ice was soft, and that at the time of the accident, which occurred on his return trip two and a half hours later, the pavement was frozen over with water which came from a terrace and where the trial judge charged the jury that unless they found from all the testimony that the icy condition of the pavement was dangerous and had been so for so long a time that the city was presumed to have had notice of it, there could be no recovery, and further that if the accident had been caused by ice that had formed on the day of the accident there could be no recovery.

2. In such case it is not error to admit in evidence an ordinance requiring the removal of snow from the sidewalks and gutters in all parts of the city.

Argued March 24, 1914. Appeal, No. 353, Jan. T., 1913, by defendant, from judgment of C. P. No. 4, Philadelphia Co., Dec. T., 1910, No. 2923, on verdict for plaintiff in case of John Hibberd v. City of Philadelphia. Before Brown, Mestrezat, Potter, Elkin and Moschzisker, JJ. Affirmed.

Trespass for personal injuries. Before Willson, P. J.
Verdict for plaintiff for $3,500, and judgment thereon. Defendant appealed.

*Errors assigned* were, among others, the refusal of defendant's motion for judgment n. o. v., the ruling on evidence referred to in the opinion of the Supreme Court, and the charge of the court.

*Paul Reilly,* Assistant City Solicitor, with him *Thomas Boylan,* Assistant City Solicitor, and *Michael J. Ryan,* City Solicitor, for appellant.

*L. Stauffer Oliver,* with him *A. S. Weill,* for appellee.

Per Curiam, May 4, 1914:
The appellee fell on an icy pavement in the City of Philadelphia, and, for the injuries sustained, he recovered a judgment in the court below, the jury having

found that the city had been negligent in permitting the
ice to remain on the pavement. This finding was justi-
fied by the testimony of several witnesses, who stated
that the ice—from one to three inches in thickness—had
been on the pavement for a week or ten days prior to the
accident. It appeared that the plaintiff had testified, in
his deposition taken some time bofore the trial, in view
of his advanced age, that, when he passed over the pave-
ment at three o'clock on the afternoon of the day he fell,
the ice was soft, and that, when he returned, two hours
and a half later, the pavement was frozen over with
water which came from a terrace. On this counsel for
the city insist that the jury should not have been per-
mitted to find that the icy condition of the pavement,
which caused the appellee's fall, had existed for a length
of time sufficient to have given constructive notice of it
to the city. What the appellee testified to in his deposi-
tion as to the condition of the street when he passed over
it early in the afternoon may have been true. He testi-
fied on the trial that, when he fell, between five and six
o'clock in the evening, there was slippery ice on the pave-
ment, and nothing in his deposition was inconsistent with
what the other witnesses said as to the length of time the
ice had been on the pavement. The learned trial judge,
with characteristic care, clearly explained to the jury
that, unless they found from all the testimony that the
icy condition of the pavement was dangerous, and had
been so for so long a time that the city was presumed to
have had notice of it, there could be no recovery. He
further instructed them that, if the accident had been
caused by ice that had formed on the day it occurred,
there could be no recovery. The case was clearly for the
jury, and nothing at all is found in the charge of the
court to which the city can fairly and justly except.

The eighth assignment complains of the admission of
an ordinance of the city requiring the removal of snow
from the sidewalks and gutters in all parts of the city.
The admission of this ordinance was not error: Leder-

·man v. Pennsylvania Railroad Company, 165 Pa. 118; Foote v. American Product Company, 195 Pa. 190; Herron v. Pittsburgh, 204 Pa. 509; Rigert v. Thackery, 212 Pa. 86. No error being disclosed by the record, the judgment is affirmed.