90          MARSHALL *v.* LEVY, Appellant.

## Marshall *v.* Levy, Appellant.

*Negligence—Sidewalks—Appeal from Allegheny County Court—Review.*

An order from the Court of Common Pleas of Allegheny County refusing an appeal from a judgment of the county court on a verdict for the plaintiff will be sustained, where it appears that the action was brought to recover damages for personal injuries sustained by a fall on a defective sidewalk, that the evidence as to the negligence of the defendant and the contributory negligence of the plaintiff was conflicting, that no unusual feature was presented, and that the charge was adequate.

Argued April 19, 1916.   Appeal, No. 87, April T., 1916, by defendant, from order of C. P. Allegheny Co., July T., 1915, No. 2514, refusing appeal from County Court in case of Ella Marshall v. William Levy.   Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Petition for an appeal from the judgment of county court of Allegheny County.

*Error assigned* was in discharging petition for a rule to show cause why an appeal should not be allowed or judgment non obstante veredicto be entered.

*Harvey M. Aronson,* of *Aronson & Aronson,* with him *Robb & Miller,* for appellant.

*Meredith R. Marshall,* with him *A. M. Levin* and *Rody P. Marshall,* for appellee.

OPINION BY ORLADY, P. J., July 18, 1916:
The plaintiff recovered a verdict in the county court for injuries she sustained, while using the sidewalk in front of the defendant's premises, by slipping or tripping on lumps or ridges of ice and snow, caused by water dis-

charged from a rain spout and allowed to accumulate into rough and dangerous obstructions to travel. Motions for a new trial and for judgment non obstante veredicto were overruled, when the defendant presented a petition with reasons set out in detail, to the Court of Common Pleas of the county for leave to appeal from that judgment, which petition was dismissed, and this appeal taken.

The only assignment of error is the discharge by the Court of Common Pleas, of the rule to show cause why judgment should not be entered for the defendant, or an appeal allowed from the judgment entered by the county court.

The record presents the usual contradictions to be expected in such cases, and it is not necessary to analyze the testimony. The trial judge, in an adequate charge to the jury, reviewed the contentions of plaintiff and defendant, and clearly defined the duty of each as to negligence and contributory negligence, concluding, "if you find that this accident happened as a result of the negligence of the defendant, and that it was not contributed to by any thing done by the plaintiff, then you would find a verdict in favor of the plaintiff." No unusual feature is presented, and the duty of pedestrians, and liability of property owners, in such cases, is elaborately declared by the trial judge under the authorities, the trial was fair and the submission to the jury adequate: Steck v. Allegheny, 213 Pa. 573; Holbert v. Philadelphia, 221 Pa. 266; March v. Phœnixville Boro., 221 Pa. 64; McManamon v. Hanover Twp., 232 Pa. 439; Green v. Hollidaysburg, 236 Pa. 430; Gross v. Pittsburgh, 243 Pa. 525; Turner v. Towanda Borough, 245 Pa. 15.

The judgment is affirmed.