## Thomas, Appellant, v. City of New Castle.

Argued April 16, 1929.

Before TREXLER, KELLER, LINN, GAW-THROP, CUNNINGHAM and BALDRIGE, JJ.

252

*Clyde Gibson,* and with him *Orville Brown,* for appellants.

*Robert White,* for appellee.

OPINION BY TREXLER, J., July 2, 1929:

The substance of plaintiff's testimony is that on the evening of December 30, 1926, between eight and nine o'clock, she with a granddaughter, aged nine, were walking on the sidewalk of Washington Street in the City of New Castle. There were "lots of people that time of night" and they were "going along with the crowd" and as they came near an intersecting street called Mercer, she slipped on the ice and fell in the middle of the sidewalk and sustained severe injuries.

Her first witness stated that Mrs. Thomas fell on the "ice which covered the sidewalk all over, it was like a sheet of glass, hard, not shiny." He did not know how thick it was.

The next witness testified the pavement was icy. The ice "had lain there a week (later she said several days) and had been tramped in and frozen again. Was quite rough in my estimation. It had thawed several times and frozen again." She could not say whether it was thick or thin. It seemed thick to her because

it had "lain so long and been tramped so much." The walks along Washington Street "would melt in the day time and freeze in the evening." There was nothing unusual about the appearance of the ice. The next witness gave about the same story. Could not tell whether the ice was thick or thin. Not many places on the street had been cleared off. "It was rather snowy all over." The man in charge of the local weather bureau testified that on the 28th of December, there was no appreciable snow, the day before there had been 1¾ inches, on the 26th, there was rain and snow about ¾ inch, and on the 25th, one half inch, and on the 24th, one inch.

No negligence on the part of the city is shown in the above testimony. This court held in Ingram v. Philadelphia, 35 Pa. Superior Ct. 305, that "a municipality is not bound to remove smooth slippery ice from a sidewalk where there are no hills or ridges which amount to an obstruction" and a number of cases are cited in support of this rule. One of them is Mauch Chunk v. Kline, 100 Pa. 119, in which Chief Justice SHARSWOOD delivering the opinion of the court said, quoting from McLaughlin v. City of Corry, 77 Pa. 109, "Slippery walks in the winter are a necessary incident to the climate. No method known to science can fully prevent their existance, nor guard against occasional injuries resulting therefrom." "A municipality cannot prevent the general slipperiness of its streets caused by the snow and ice during the winter, but it can prevent such accumulation thereon in the shape of ridges and hills as to render their passage dangerous." That was a crossing case and the judge charged the jury that there must be an obstacle other than the mere slippery condition and the smoothness of the surface in order to enable the defendant to recover. See Green v. Hollidaysburg, 236 Pa. 430. Recovery

may be had for smooth slippery condition of the sidewalk only where it is caused by the negligence of the city officials in discharging a plain duty resting on them. As in Manross v. Oil City, 178 Pa. 276, when the city failed to keep a gutter open, this causing an accumulation of ice on the sidewalk and in Decker v. Scranton City, 151 Pa. 241, where the city permitted a flow across the pavement from a broken hydrant. See Moore v. Philadelphia, 33 Pa. Superior Ct. 194; Holbert v. Philadelphia, 221 Pa. 266. In the present case there were no ridges or obstructions, merely the occasional accumulation of ice and snow and the thickness of the ice was not shown.

Appellant's argument is largely based upon the assumption that the ice in question was rough and that there was a lump, applying to it the term "obstruction." We cannot find any warrant for the use of that designation. It is true that one witness stated "it was quite rought in my estimation" but the witness gave no description of it, could not say whether it was thick or not, and saw nothing unusual about it. The appellant cites Hibberd v. Philadelphia, 245 Pa. 265, in support of his contention. The Supreme Court in that case, in a per curiam opinion, held that the jury was justified in finding that the city in allowing ice from one to three inches in thickness to remain on a pavement for a week or ten days was negligent. Whether the ice, by reason of its heighth, in relation to the rest of the foot walk, or in the character of its formation, was an obstacle does not appear in the report. If the Supreme Court intended to change the rule referred to above, it no doubt would have so stated and would have commented upon the cases to which reference has been made herein.

We are all of the opinion that the case was rightly decided. The judgment is affirmed.