Coleman et ux., Appellant, *v*. City of Scranton.

Argued March 3, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Baldrige and Graff, JJ.

*R. L. Levy,* and with him *P. E. Kilcullen,* for appellant.—A city is not excused from liability for injuries caused by slipping on ice in a street or sidewalk, which has accumulated by reason of a defect in the street or walk or through failure to construct and maintain suitable drainage: Decker v. Scranton City, 151 Pa. 241; Manross v. Oil City, 178 Pa. 276.

*Charles B. Little,* and with him *Robert P. Silverstein,* City Solicitor, and *Albert S. Rosenberg,* Assistant City Solicitor, for appellee.—A municipality is not liable for injuries resulting from the general slipperiness of its streets or sidewalks occasioned by a recent precipitation and freezing of rain or snow: Ingram v. Philadelphia, 35 Pa. Superior Ct. 305; Holbert v. Philadelphia, 221 Pa. 266.

OPINION BY BALDRIGE, J., April 18, 1930:

Bertha Coleman, one of the plaintiffs, broke her ankle by falling on an icy sidewalk. This action was brought charging that her injuries were due to the negligence of the defendant city.

The learned court below found that negligence was not proven and entered judgment on a motion n. o. v. for defendant. We find no error in so doing.

The Washington Irving School property faces on Emmet Street, in the City of Scranton, which has a grade of five per cent. There is a stone wall extending the length of the yard which at the eastern division line is about flush with the sidewalk, and as the western boundary line is approached, the wall becomes higher. A curb was placed in front of the wall at the eastern end for a distance of eight feet and within two feet of a paved entrance to the school. That left a two-foot opening in the curb. The plaintiffs maintain that the curb held back the surface water and directed it

toward this opening. Mr. Pendel, the engineer called by the plaintiffs, testified that the natural drainage of the school yard and the property back of it was toward Emmet Street and that some of the water would escape through the opening complained of and that a little farther to the east the water would flow on the pavement by natural drainage. Mrs. Coleman, who lives immediately east of the school premises, left her home about four o'clock in the afternoon of December 15, 1926, and went in the direction of the school property. She had walked about ten feet beyond her property line, which would place her at the two-foot opening, when she slipped and fell on some smooth ice which had been covered by a light fall of snow.

It is the duty of a municipality to keep its sidewalks in a reasonably safe condition so that pedestrians using them, and exercising care, may do so safely, but a city is not responsible for a slippery condition of the sidewalks caused by recent falling and freezing of rain or snow.

The plaintiffs, in support of their contention that the defendant was guilty of negligence in not requiring the property owner to prevent the drainage of the water on the pavement, call our attention to Decker v. Scranton City, 151 Pa. 241, and Holbert v. Philadelphia, 221 Pa. 266.

In the former case, the road was in a dangerous condition at the time and the place of the accident, which was attributable to the defective construction of the road, in conjunction with the ice which was negligently allowed by the city to form and remain there.

In the Holbert case, the plaintiff slipped on a pavement that was maintained in a tunnel under an overhead bridge. Owing to the grade of the street, water flowed into the tunnel, where it was permitted to accumulate due to insufficient inlets. The court said, "This danger resulted, therefore, from causes under

the control of the city and not from natural causes, such as the recent precipitation and freezing of rain or snow upon ordinary sidewalks."

There is no allegation in this case that there was any defect in the sidewalk or that there were insufficient inlets. Undoubtedly, there was a certain amount of seepage and drainage that under natural conditions must have gotten from time to time on the sidewalk, as it was lower than the yard, but there was no proof of an unlawful gathering or disposal of the water, nor that it flowed in such quantity, nor in a way as to charge the city with negligence in failing to control it. It is not practical, and the city is not required to keep all the sidewalks free of water. As Mr. Justice GORDON said in the case of McLaughlin v. City of Corry, 77 Pa. 109, "A municipality cannot prevent the general slipperiness of its streets, caused by the snow and ice during the winter, but it can prevent such accumulations thereof, in the shape of ridges and hills, as render their passage dangerous;" and in Denhardt v. City of Philadelphia, 15 W. N. C. 214, the court said, "Slippery walks in the winter are necessarily incident to this climate. No method known to science can fully prevent the existence or guard against occasional injuries resulting therefrom. It would be a harsh and unjust rule to hold the city liable in damages under the facts in this case."

There is no contention that there were any lumps or ridges of ice allowed to accumulate and remain on the sidewalk so as to become dangerous to travel, as in Marshall v. Levy, 64 Pa. Superior Ct. 90; Dean v. City of New Castle, 201 Pa. 51; or Gross v. Pittsburgh, 243 Pa. 525. The ice in this case was smooth and covered by a light coating of snow which had recently fallen. Mrs. Coleman testified that there had been a thaw the day before and during the night the weather got "cold and froze up and it snowed a little that afternoon." It has been definitely determined

in this state that a municipality is not required to remove smooth ice from a sidewalk where such condition is not caused by the independent negligence of the municipality. Something more must be shown than that the accident was due to smooth ice on the pavement in order to make the defendant liable: Ingram v. Philadelphia, 35 Pa. Superior Ct. 305; Thomas v. City of New Castle, 96 Pa. Superior Ct. 251; Manross v. Oil City, 178 Pa. 276.

If we assume such a danger existed on account of formation of ice as to impose a duty on the city to remedy the condition, it was incumbent upon the plaintiffs to show either express or constructive notice thereof to the city; this they failed to do. More time is required to elapse to bring home such a notice to a municipality than to an occupier or owner of a property: Truschine v. Fayette Mfg. Co., 63 Pa. Superior Ct. 124. The danger was not so apparent or so notorious, nor did it exist for such a length of time, as to give constructive notice to the city: Burns v. City of Bradford, 137 Pa. 361; Kelchner v. Nanticoke Borough, 209 Pa. 412; Garland v. City of Wilkes-Barre, 212 Pa. 151.

Upon a review of all the testimony in this case and under a just and reasonable view of the responsibility of the defendant under the law, the evidence was insufficient in any aspect of this case to hold the defendant liable.

Judgment of the lower court is affirmed.