Bailey, Appellant, *v.* Oil City et al.

Argued September 29, 1931.   Before WALLING, SIMP-
SON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Maurice P. Breene,* with him *Quincy D. Hastings,* for appellant.—The court could not as a matter of law say that defendants were free from negligence and liability: Virgilio v. Walker, 254 Pa. 242; Cohen v. Maus, 297 Pa. 454; Yentis v. Mills, 299 Pa. 25; Manross v. Oil City, 178 Pa. 276; McLaughlin v. City of Corry, 77 Pa. 109; Holbert v. Phila., 221 Pa. 266, 272.

*A. B. Jobson* and *S. N. Mogilowitz,* with them *Edmond C. Breene,* for appellees.—The court properly granted the compulsory nonsuit: Blaine v. Phila., 33 Pa. Superior Ct. 177; Thomas v. New Castle, 96 Pa. Superior Ct. 251; Manross v. Oil City, 178 Pa. 276; Decker v. Scranton City, 151 Pa. 241; Garland v. Wilkes-Barre, 212 Pa. 151; McLaughlin v. Corry, 77 Pa. 109; Mauch Chunk v. Kline, 100 Pa. 119; Holbert v. Phila., 221 Pa. 266; Dehnhardt v. Phila., 15 W. N. C. 214.

We challenge the statement made in appellant's brief wherein it is stated that plaintiff contended in the lower court that defendants were not entitled under the record to ask for a nonsuit for the reason that they had waived such right in calling and examining Doctor Dickey before the jury.

OPINION BY MR. JUSTICE WALLING, November 23, 1931:

On the evening of January 30, 1929, as the plaintiff, Catherine Bailey, was walking on the sidewalk of Spruce Street, in front of the property of the Borland Lumber Company, in Oil City, she was hurt by falling upon the ice-covered walk, on account of which she brought this suit against the city and property owner. The lower court entered a compulsory nonsuit and the refusal to take it off forms the basis of this appeal by plaintiff.

The action of the court was right. The sole negligence complained of in plaintiff's statement is that the defendants "then and there neglected to clean the sidewalk and keep the same clear of ice and snow, and negligently permitted snow and ice to accumulate on the

sidewalk in front of the Borland Lumber Company's premises and thereby render the sidewalk slippery and dangerous as a public thoroughfare." Manifestly this did not state a good cause of action. A municipality is, in general, not liable for accidents resulting from the icy condition of its streets and walks. In Boro. of Mauch Chunk v. Kline, 100 Pa. 119, 121, Chief Justice SHARSWOOD, speaking for the court and quoting from McLaughlin v. City of Corry, 77 Pa. 113, says: "A municipality cannot prevent the general slipperiness of its streets caused by the snow and ice during the winter, but it can prevent such accumulations thereof in the shape of ridges and hills as render their passage dangerous." Hendrickson v. Chester City, 221 Pa. 120, holds that: "A city is not liable for personal injuries sustained by a fall on a sidewalk, where it appears that the accident was due to the general slippery condition of the street which occurs in all cities in wintertime." See also Garland v. City of Wilkes-Barre, 212 Pa. 151; Coleman et ux. v. City of Scranton, 99 Pa. Superior Ct. 3; Thomas v. City of New Castle, 96 Pa. Superior Ct. 251; Blaine v. Phila., 33 Pa. Superior Ct. 177. That this rule is also recognized in other jurisdictions, see note in 13 A. L. R., beginning at page 20. This is so because of the practicable impossibility of keeping cartways and sidewalks free from ice in this climate during the winter season. Rains followed by freezing often cover an entire city with ice in a few hours, as does the melting of snow during the day and freezing at night. It would therefore place an unreasonable and practically impossible burden upon a city to require the maintaining of its streets free from ice; this the law does not require.

It is, however, a city's duty to cause the removal from the walks of such substantial ridges or hills of ice or snow as constitute an obstruction to travel. See Llewellyn v. Wilkes-Barre, 254 Pa. 196; Gross v. Pittsburgh, 243 Pa. 525; Evans v. Phila., 205 Pa. 193; Wyman v. Phila., 175 Pa. 117. While the height and size of the

ridge perhaps is not capable of exact definition, it must be at least such as to be generally observable as unsafe and likely to cause injury to travelers. The ridge must be shown to be of sufficient size to constitute a real danger to pedestrians. Something more must appear than the mere rough surface of the walk.

Waiving the defect in the statement of claim, the proof totally failed to show any material ridge of ice. Under the most favorable construction it merely was to the effect that there had been snow and ice on the walk for some time which had been so softened during the day of the accident as to make footprints therein, which as the ice hardened in the evening gave the walk an uneven surface. Possibly this would increase the danger of walking thereon, but the surface would not be such ridges of ice as the law condemns. A ridge is an elevation, not a mere uneven surface caused by foot prints. No case was called to our attention and we know of none where a municipality has been held liable merely because of such uneven surface. It would be as impossible for a city to keep its walks smooth in such weather as to keep them free from ice. In other words, the mere uneven surface, caused by walking upon ice as it freezes, does not constitute such an obstruction as the law condemns. It is incident to the existence of ice upon the walks. Furthermore, it must appear either that the city had actual notice of the obstruction or that it had existed so long as to amount to constructive notice. See Green v. Hollidaysburg, 236 Pa. 430. In the instant case the rough condition was formed the late afternoon or evening of the accident without any claim of notice to the city, actual or constructive.

Where the existence of ice upon the walk results from the city's negligence, as in case of suffering water to flow upon the walk from a broken hydrant (Decker v. Scranton City, 151 Pa. 241), or from a defective water pipe (Dean v. City of New Castle, 201 Pa. 51), or by reason of the stoppage of a drain (Manross v. Oil City, 178 Pa.

276), it may be liable for injury sustained thereon whether or not the ice is in ridges. See Thomas v. City of New Castle, supra; Ingram v. Phila., 35 Pa. Superior Ct. 305. In the case of Hibberd v. Phila., 245 Pa. 265, relied upon by appellant, the water which caused the ice complained of came from a terrace. This may have been the defendant's fault, and if so, it justified the conclusion reached. The case is not fully reported and we cannot assume it intended to overrule, without even mentioning them, the long line of cases to some of which we have referred. In Shaw v. McKeesport, 298 Pa. 119, where we sustained a judgment for plaintiff, the record shows that the water which formed the ice upon which plaintiff fell not only was permitted to flow upon the walk from adjoining property but that the ice had formed in ridges. In Fleming & Fleming v. City of Phila., 85 Pa. Superior Ct. 172, where a recovery was sustained, the ice had formed in ridges.

During the presentation of plaintiff's evidence, the defendants asked permission to take the testimony of Dr. Dickey, who was called away. Defendant's counsel stated that it was, "With the right to offer such testimony if it becomes necessary in the trial of this case. We are just asking to take the testimony now." The request was granted with the consent of plaintiff's counsel. The testimony so taken was in the nature of a deposition and, as it was not offered in evidence, did not prevent the court from granting the defendant's motion for a compulsory nonsuit. Of course, the doctor's testimony could have been taken out of court on a short rule and that it was taken in court did not change the result, especially as plaintiff's counsel consented thereto.

The judgment is affirmed.