## McDonough *v*. Munhall Borough, Appellant.

Argued April 21, 1937.

Before KELLER, P. J., CUNNING-
HAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES,
JJ.

*Robert E. Anderson,* with him *John B. McAdoo,* for appellant.

*A. R. McGrath,* for appellee.

OPINION BY STADTFELD, J., July 15, 1937:

This is an appeal by the Borough of Munhall from a judgment in the sum of $1,250 recovered in an action of trespass for personal injuries sustained as a result of slipping and falling on an icy sidewalk.

Defendant's motion for judgment non obstante veredicto was overruled in an opinion by WAITE, P. J. of O. C. of the Sixth Judicial District specially presiding.

Plaintiff's statement as amended averred that: "On February 25, 1934, at or about 6:45 o'clock P. M. Bridget McDonough, plaintiff, was lawfully proceeding along the sidewalk on Andrew Street in the Borough of Munhall, and when she arrived at the intersection of Andrew Street and Eleventh Avenue she did cross the said intersection and proceeded up Andrew Street but a short distance alongside the Munhall High School, when her foot tripped, slipped and struck against certain large accumulations of snow and ice which existed on the sidewalk at the above mentioned point, and by reason thereof she tripped and fell to the ground, and sustained the injuries hereinafter set forth. The negligence herein complained of continued from and before February 18, 1934, up to and including February 25, 1934."

On the night of February 25, 1934, the plaintiff, a woman fifty-two years of age, while proceeding up Andrew Street in the Borough of Munhall, was injured by reason of falling on an icy pavement covered with snow. The area of the icy pavement is described variously as being five feet in length and the width of the sidewalk, which was estimated at nine feet. Andrew Street is on a fairly steep grade. Andrew Street inter-

sects Eleventh Avenue, and in the corner formed by these streets is located the Munhall High School, which building is surrounded on all sides by a stone wall varying from three to ten feet in height. This stone wall incloses the terraced ground in front of the school building, and was parallel and hard against the Andrew Street sidewalk and the part upon which the plaintiff fell.

Testimony was introduced which tended to show that the borough had been negligent in failing to prevent the ice from accumulating because the ice was formed from water which came over the stone wall retaining the terrace in front of the school building.

The accident happened on a Sunday evening. Bridget McDonough, plaintiff, testified in part as follows: "Q. Was this in the evening or morning? A. In the evening at half past six, when I started home. I went as far as the high school and I went up on the sidewalk and I was up there and I seen the snow was awful heavy there and with that, I fell down, and my clothes picked up all the snow and I saw it was all ice underneath the snow. Q. How many squares did you travel from the home which you were visiting to the place where you fell? A. Oh, about five streets from where I fell. Q. How far away from the intersection of Eleventh Avenue and Andrew Street did you fall? A. Right by the school I fell. I went up the street and on the sidewalk by the Munhall High School and I was up there to see where I can walk,—it was that slippery,—and I started out and I fell by the school house, and I looked and seen the ice there, and I fell and I had broke my arm as soon as I fell,—I broke my arm right away. Q. Just answer the question. Was it snowing that night? A. Not when I left there, it wasn't. Q. Had it snowed that afternoon? A. Yes, it did. Q. Was there snow on the ground when you left the house of

your friend? A. Oh, yes. Q. And at the place where you fell, was there snow? A. Yes, there was. Q. How did you discover there was ice under the snow? A. Because I fell there and my clothes slipped and I looked and I seen a big pile of ice there and it was slippery."

The testimony for the plaintiff tended to show that the icy condition of the sidewalk resulted from the water running down a stone wall and across the sidewalk from a terrace on the school property by reason of there being no drain to carry it away. The ice at the place where the accident occurred was in tufts and very uneven at that spot. One witness testified that he passed this particular intersection about a week previous to the accident; that people went up and down that street in the winter time, at that time, in the middle of the road, because this is a bad spot. The testimony shows that this condition had existed in the winter time for several years before the time of the accident.

The case was submitted to the jury in a charge to which only a general exception was taken. No additional instructions were asked for in reply to a question from the court.

The only assignment of error urged is the refusal of the court to enter judgment non obstante veredicto.

As stated in *Hahn, Appellant v. Anderson,* 123 Pa. Superior Ct. 442 at p. 445, 187 A. 450: "The true test of the right to enter judgment n.o.v. is whether, at the close of the trial, the trial court should have given binding instructions; and the testimony should not only be read in the light most advantageous to the successful party, all conflicts therein being resolved in his favor, but he must be given the benefit of every fact and inference of fact pertaining to the issue involved which may reasonably be deduced from the evidence;

*Lessy v. Great A. & P. Tea Co.,* 121 Pa. Superior Ct. 440, 183 A. 675."

In *Dean v. New Castle,* 201 Pa. 51, 50 A. 310, it was held that in an action against the city to recover damages for injuries sustained by a fall on a slippery sidewalk, a verdict and judgment for plaintiff will be sustained where it appears that at the place of the accident a ridge of ice had formed from water flowing from the end of a pipe near a house line across the sidewalk to the curb.

Likewise, in *Decker v. Scranton,* 151 Pa. 241, 25 A. 36, a municipality is liable in damages for an injury caused to a person by slipping on ice in a street, where the ice is accumulated by reason of the neglect to construct and maintain suitable drains to carry off the water.

The same principle is found in *Holbert v. Philadelphia,* 221 Pa. 266, 70 A. 746, the syllabus of which reads: "While a municipality is not responsible for the general slippery condition of its sidewalks caused by the recent falling or freezing of rain or snow, yet the rule does not extend so far as to protect the City from liability for injuries caused to a person by slipping on ice in a street or sidewalk where it has accumulated by reason of a defect in the street or by reason of the neglect to construct and maintain suitable drains to carry off the water." To the same effect are: *Hibberd v. Philadelphia,* 245 Pa. 265, 91 A. 486; *Shaw v. Mc-Keesport,* 298 Pa. 119, 148 A. 44.

In *Bailey v. Oil City,* 305 Pa. 325, 157 A. 486, the Supreme Court said in an opinion by Mr. Justice WALLING, on p. 328: "Where the existence of ice upon the walk results from the city's negligence, as in case of suffering water to flow upon the walk from a broken hydrant (*Decker v. Scranton City,* supra), or from a defective water pipe (*Dean v. City*

of *New Castle,* supra), or by reason of the stoppage of a drain (*Manross v. Oil City,* 178 Pa. 276, 35 A. 959), it may be liable for injury sustained thereon whether or not the ice is in ridges."

The testimony required a submission of the case to the jury. The verdict is fully sustained by the evidence.

The assignments of error are overruled and judgment affirmed.