## McDonough v. Munhall Borough, Appellant.

Argued March 21, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Robert E. Anderson,* with him *John B. McAdoo,* for appellant.

*A. R. McGrath,* for appellee.

OPINION BY MR. JUSTICE BARNES, June 30, 1938:

On February 25, 1934, about 6:45 o'clock p. m., plaintiff was injured when she fell upon a strip of ice while walking upon the sidewalk of Andrew Street, in the Borough of Munhall, Allegheny County. In her amended statement of claim plaintiff avers that when she arrived at the intersection of Andrew Street and Eleventh Avenue, she crossed the intersection and proceeded up Andrew Street a short distance on the side toward the Munhall High School, when she slipped upon "certain large accumulations of snow and ice which existed on the sidewalk," causing her to fall and sustain the injuries for which she seeks to recover.

In front of the high school, at the place where plaintiff fell, Andrew Street is on a steep grade. The school is located at the intersection of the two streets; its grounds are terraced toward Eleventh Avenue, and enclosed by a retaining wall, varying from three to ten feet in height. On the Andrew Street side the stone wall is constructed flush with the inside edge of the sidewalk.

Plaintiff asserts that ice had been upon the sidewalk for at least a week before the accident, but its presence when she stepped thereon was concealed by snow that had fallen during that day; that the ice was about one inch thick and covered an area to a width of nine feet and a length of approximately five feet.

No one saw plaintiff fall, but one witness on her behalf, who visited the place of accident on the day following, stated that the ice was "rough" and "lumpy like." Another witness described its condition as being "just like any ordinary ice would be on the sidewalk. It. wasn't what you would say level, it was in tufts, and very uneven at that spot. . . ." This witness also said that he had passed there about a week earlier and observed pedestrians walking in the cartway of Andrew Street, because there was a "bad spot" at that place.

It is the theory of plaintiff that the ice on the sidewalk was formed from water which escaped over the retaining wall. She asserts that when the snow upon the school terrace melted, the water therefrom flowed over the wall and drained across the sidewalk, where it froze into ice. There was testimony on her behalf that this condition had existed at the place for several years, and in rainy weather water would wash across the pavement from the terrace above, sometimes depositing mud upon the sidewalk. At the trial plaintiff's principal contention was that the borough was negligent because of its failure to construct and maintain a drain or gutter to carry off the water coming from the terrace.

The defendant's testimony sought to establish that the borough had no notice that this sidewalk was more dangerous than the ordinary hillside pavement along a terrace, so as to charge it with the neglect of a plain duty to prevent the condition alleged by plaintiff. The engineer for the borough, and its street commissioner, deny that rain water and melting snow drain off the terrace in the manner described by plaintiff's witnesses. On the contrary they state that the terrace of the school grounds has a forty-five degree pitch, and is so sloped that its drainage is toward Eleventh Avenue; furthermore, that the steep grade toward the Avenue would carry the water in that direction rather than over the retaining wall toward the Andrew Street pavement.

The case was submitted to the jury which returned a verdict in favor of the plaintiff. Defendant then filed its motion for judgment non obstante veredicto, which the court below refused, upon the ground that the borough was negligent in failing to maintain suitable drains to carry off the water. Judgment was entered upon the verdict, from which defendant appealed to the Superior Court, where the judgment was affirmed. Thereafter an appeal was allowed to this Court.

The question of the liability of a municipality for the existence of ice or snow upon its sidewalks has been well

settled by recent decisions of our courts. The question is not always one of safety for the traveler, but whether negligence is established on the part of the municipality. Slippery walks in the winter are a necessary incident to this climate, as rains followed by freezing weather within a few hours will cover large areas with ice.

The general rule governing the subject is stated in *Bailey v. Oil City*, 305 Pa. 325, where Mr. Justice WALL-ING said (p. 327) : "A municipality is, in general, not liable for accidents resulting from the icy condition of its streets and walks. . . . This is so because of the practicable impossibility of keeping cartways and sidewalks free from ice in this climate during the winter season. . . . It is, however, a city's duty to cause the removal from the walks of such substantial ridges or hills of ice or snow as constitute an obstruction to travel."* Again, in *Beebe v. Philadelphia*, 312 Pa. 214, 220, where the wife-plaintiff was injured by falling upon a pavement, following a heavy fall of snow and there was an icy condition with hills and ridges, we quoted and approved these principles, and there denied recovery because notice of the condition complained of was not brought home to the city soon enough to charge it with negligence.

In the present case while the plaintiff alleges in her amended statement that her fall was due to "certain large accumulations of snow and ice," at trial the evidence offered on her behalf attempted to establish that the borough was negligent because it failed to provide drains to carry off the water flowing from the grounds of the school.

At the conclusion of plaintiff's case, the defendant moved for a compulsory nonsuit upon the specific ground

---

* See also *McLaughlin v. City of Corry*, 77 Pa. 109; *Boro. of Mauch Chunk v. Kline*, 100 Pa. 119; *Garland v. City of Wilkes-Barre*, 212 Pa. 151; *Hendrickson v. Chester City*, 221 Pa. 120; and *Goodman et al. v. Corn Exchange National Bank & Tr. Co. et al.*, 331 Pa. 587; and *Whitton v. H. A. Gable Co.*, 331 Pa. 429.

that the proofs did not support the allegations of the statement of claim, so that there was a variance between the pleading and the proofs. The motion was refused by the court below. At the close of the trial the motion was renewed and again refused, this ruling being here assigned as error.

The same question was before us in *Kehres v. Stuempfle,* 288 Pa. 534, where a motion for a nonsuit on the ground of variance was refused and at the close of the testimony binding instructions were declined by the trial judge. We said (p. 539) : "The plaintiff then had notice that required him to elect either to amend or to stand on the statement as it was. Not having moved to amend and having stood on the proofs as they were, his contentions must be adjudicated in light of the rule that probata and allegata must be in agreement: *Shenango Limestone Co. v. Buffalo, Rochester & Pittsburgh Ry. Co.,* 262 Pa. 446; *National Bank v. Lake Erie Asphalt Block Co.,* 233 Pa. 421; *Leh v. Delaware, Lackawanna and Western R. R. Co.,* 30 Pa. Superior Ct. 396. . . . The question was raised below, and, this being so, the variance can be availed of on appeal."

It seems to us there was a variance here between the pleading and the proofs. The defendant was not informed by the allegations of the statement that at trial the claim would be made that the borough was negligent in failing to construct drains to control the flow of water from the terrace, and that recovery would be sought for such alleged want of care. Therefore the statement did not put the defendant upon notice of the case which it would have to meet, and a compulsory nonsuit should have been granted by the court below.

Aside from the matter of variance, there remains for consideration the plaintiff's contention that the borough was negligent in permitting water to drain over the terrace onto the sidewalk. We are unable to find in the record any evidence of an unusual volume of water washing over the retaining wall which of itself would be

sufficient to attract the attention of the borough authorities, or put them upon constructive notice of a dangerous condition. There is no testimony to establish that there was more than the ordinary presence of ice and snow, which might be expected upon sidewalks during the month of February, when the accident here occurred, or that would exist along any steep hillside pavement bordering upon terraced ground. There is no proof of an accumulation of ridges and hills of snow and ice of sufficient size to constitute an obstruction to travel upon the sidewalk. It would be unreasonable to require municipalities to construct and maintain gutters or drains to divert from the sidewalks all the water coming from high ground, in view of the many miles of sidewalks abutting such terraces in the various municipalities throughout the state.

We find an analogous situation in *Coleman v. City of Scranton,* 99 Pa. Superior Ct. 3. There the plaintiff fell upon an icy pavement in front of a school property. As here, the municipality was charged with negligence because it failed to require the construction of a gutter to prevent the drainage of water upon the pavement. The property faced upon a street having a steep grade. A stone wall extended along the school yard, which at its eastern line was flush with the sidewalk, the wall being higher as it reached the western boundary of the property. A curb was constructed in front of the wall, leaving an opening of two feet between it and the paved entrance to the school. It was alleged that the curb held back the surface water draining off the school yard and directed it to the opening, which was at the place where plaintiff fell. The Superior Court affirmed a judgment non obstante veredicto, in favor of the defendant, and said (p. 6) : "There is no allegation in this case that there was any defect in the sidewalk or that there were insufficient inlets. Undoubtedly, there was a certain amount of seepage and drainage that under natural conditions must have gotten from time to time on the side-

walk, as it was lower than the yard, but there was no proof of an unlawful gathering or disposal of the water, nor that it flowed in such quantity, nor in a way as to charge the city with negligence in failing to control it. It is not practical, and the city is not required to keep all the sidewalks free of water."

We are not confronted in the present case with a dangerous condition which is due to negligence of a municipality, such as Mr. Justice WALLING refers to in *Bailey v. Oil City,* supra, in the following words (p. 328) : "Where the existence of ice upon the walk results from the city's negligence, as in case of suffering water to flow upon the walk from a broken hydrant *(Decker v. Scranton City,* 151 Pa. 241), or from a defective water pipe *(Dean v. City of New Castle,* 201 Pa. 51), or by reason of the stoppage of a drain *(Manross v. Oil City,* 178 Pa. 276). . . ." In cases of this character the municipality may be liable whether or not the ice is in ridges, or causes an obstruction to travel.

This case also is to be distinguished in its facts from *Holbert v. Philadelphia,* 221 Pa. 266, where the plaintiff slipped on a sidewalk that was built in a tunnel or underpass beneath the right-of-way of a railroad company. There the city provided no gutter to run off the water which flowed through the tunnel, or for the removal of ice which in winter was produced by the fact that the sun did not penetrate to that place. We said (p. 273) : "This danger resulted, therefore, from causes under the control of the city and not from natural causes, such as the recent precipitation and freezing of rain or snow upon ordinary sidewalks. . . . As long as this tunnel is kept open and maintained as a public highway by the city, the duty to keep it reasonably safe is imperative. . . ."

The decision in *Hibberd v. Philadelphia,* 245 Pa. 265, cannot be accepted as authority for the proposition that recovery may be sustained against a municipality for a failure to remove ice upon a sidewalk caused by water

flowing from a terrace. As has been said in *Bailey v. Oil City,* supra, (p. 329), and *Thomas v. City of New Castle,* 96 Pa. Superior Ct. 251, 254, the case mentioned is not fully reported, and it cannot be assumed that it was intended thereby to overrule the well settled decisions of this Court upon the subject.

A review of the record convinces us that the objection of the defendant to a variance is well taken; that plaintiff has failed to establish negligence upon the part of the borough, or any notice to it of a condition that would sustain the charge that it failed in its duty of care, so as to entitle plaintiff to compensation for the unfortunate injury which she suffered. The assignments of error should have been sustained by the learned Superior Court.

The judgment is reversed and is here entered for defendant.