McDermott, Appellant, *v.* Gekas.

Argued May 23, 1961. Before JONES, C. J., BELL, JONES, COHEN, BOK and EAGEN, JJ.

*F. Brewster Wickersham,* with him *Christian S. Erb, Jr.,* and *Metzger, Wickersham & Knauss,* for appellant.

*William J. Madden, Jr.,* for appellees.

OPINION BY MR. JUSTICE BOK, June 26, 1961:

This is an appeal from the judgment for the defendant entered following refusal of the court below to remove a compulsory nonsuit in an action for personal injuries.

The plaintiff was employed by a liquor company to install display advertising. The defendants owned and operated the Locust Street Cafe in Harrisburg, and plaintiff went there in December, 1952, to make an installation. Paragraph 6 of the amended complaint reads: "6. The Defendant, Christ Gekas, thereupon and in furtherance of the Defendants' business and with the knowledge that the Plaintiff would mount the same in order to gain elevation to the said point so that he might fasten the advertising material thereat, provided and furnished him with a ladder which the Defendants owned."

The evidence shows that when plaintiff reached the cafe he found Mrs. William Gekas behind the bar; she was the wife of one of the defendants and she opened the cafe each morning. Plaintiff asked her where the new display was to go and she pointed to a place on the wall over a door. He couldn't reach the spot and asked her if she had a ladder. She said it was out back, took him there, and pointed to a ladder leaning against the wall of a small porch. He brought the ladder in and set it up. It was an old "A" ladder, with steps up one side and hinged center braces that locked when opened to prevent the ladder from snapping shut; it admittedly belonged to the defendants. Plaintiff said that it seemed solid and that he saw nothing wrong with it; he was satisfied that it was "perfectly safe". Up he went and down he came when, as he was two-thirds of the way to the top the center braces broke and the ladder spread-eagled under him. He rode it down and broke his arm.

Mr. Christ Gekas, alleged in paragraph 6 of the amended complaint as the actor on defendants' behalf, is nowhere mentioned in the testimony except as follows: "Q. . . . Did you have any conversation, any dealings at all with Christ Gekas? A. No, I didn't."

We must assume that plaintiff has put forth his best case and had a reason for saying that Christ Gekas furnished the defendants' ladder. He went to trial on this theory, with no suggestion of Mrs. William Gekas's agency, actual or apparent. With a different pleading we might feel free to consider the existence and extent of her authority, but plaintiff has limited the question by narrowing agency expressly to Christ Gekas. On top of this is his admission on the stand that he had no conversations or dealings whatever with Christ Gekas. This creates a clear cleavage between allegata and probata and we may not reach for the question of Mrs. Gekas's apparent authority because under the pleading as it stands her authority must derive from Christ Gekas alone, and it has been shown that he had nothing whatever to do with the affair. Further, the amended complaint says only that William and Christ Gekas trade as Locust Street Cafe and own and operate it. Not even the relationship between them is defined. Finally, it is to be noted that William Gekas admitted that the ladder was his. Hence it is evidentially unconnected with Christ Gekas, the pleaded actor.

In *Aland v. P-G Publishing Co.,* 337 Pa. 259 (1940), 10 A. 2d 5, we said: "Despite the increasing informality of modern practice, there has been no substantial departure from the salutary rule that pleadings and proof must conform sufficiently to enable a defendant to meet at trial the same cause of action disclosed by the statement of claim. As we said in Penna. R. R. Co. v. Pittsburgh, 335 Pa. 449 (p. 458) : 'The rule against a variance between allegata and probata is not arbitrary, but is based upon the sound reason that a defendant should not be taken by surprise at trial by being called upon to defend against matters of which he had no notice in the pleadings, or to a different cause of action.' The wrong proved must be the wrong alleged, not merely another wrong in the same legal category. See Mc-

242

Donough v. Munhall Boro., 331 Pa. 468. The variance here was material because it involved those elements of plaintiff's case essential to a recovery. See Stegmaier v. Keystone Coal Co., 225 Pa. 221, 230; Kehres v. Stuempfle, 288 Pa. 534; Moyer v. Blue Mountain Elec. Co., 294 Pa. 265, 273."

It is unnecessary to discuss the questions of exclusive control or negligence, but on the latter point see *Novak v. Neff*, 399 Pa. 193 (1960), 159 A. 2d 707.

The judgment is affirmed.